**In re James Carl LESLIE and Loretta Faye Leslie, Debtors.**

**James Carl LESLIE and Loretta Faye Leslie, Plaintiffs,**

**v.**

**COMMISSIONER, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 87–30016.**

**Adv. No. 87–0082.**

United States Bankruptcy Court, S.D. West Virginia.

March 14, 1989.

Helen M. Morris, Baer, Colburn & Morris, Huntington, W.Va., for debtors.

Gerald A. Role and William J. Dean, U.S. Dept. of Justice, Washington, D.C., Gary L. Call, U.S. Atty., Charleston, W.Va. for IRS.

MEMORANDUM ORDER

DISCHARGING THE DEBTORS' 1980–1981 FEDERAL INCOME TAX LIABIL-

ITY AND PRE–PETITION INTEREST AND PENALTIES THEREON; DIRECTING COUNSEL FOR THE DEBTORS AND THE INTERNAL REVENUE SERVICE TO PREPARE AND TENDER A SEPARATE ORDER AVOIDING LIEN FOR PRE–PETITION TAX PENALTIES; AND DENYING ADDITIONAL RELIEF SOUGHT BY THE DEBTORS

RONALD G. PEARSON, Bankruptcy Judge.

The Debtors commenced the above-styled adversary proceeding on April 29, 1987, by filing a complaint to avoid a federal tax lien pursuant to 11 U.S.C. §§ 545(1)(D) and 522(h) and to limit enforcement of that tax lien under 11 U.S.C. § 105. The Internal Revenue Service [IRS], the defendant in this action, timely filed an answer to the complaint and thereafter filed a motion to dismiss this action. At the September 28, 1987 trial, the Court took the matter under advisement to permit the parties to file additional legal memoranda. The Court has now reviewed the pleadings and memoranda filed and, for the reasons set forth below, will grant in part the relief requested by the Debtors and dismiss this adversary proceeding.

Facts relevant to this action are not in dispute. The Debtors filed their Chapter 7 bankruptcy petition in this district on January 23, 1987. At the time of that filing, the Debtors' Huntington, West Virginia real estate was subject to a federal tax lien recorded in the office of the Clerk of the County Commission of Cabell County, West Virginia in Judgment Book 21 at page 179. The IRS filed its Notice of Federal Tax Lien under Internal Revenue Laws on November 22, 1982, for $4,846.98 in federal income taxes for the tax years 1980 and 1981. The Notice stated expressly that the tax lien included the amount of the aforementioned taxes plus additional penalties, interest and costs that may accrue.

The Debtors do not dispute the validity or the amount of these taxes assessed against them. The real estate that is subject to the IRS tax lien is the principal residence of the Debtors and their depend-

ents. According to the schedules filed with the Debtors' Chapter 7 bankruptcy petition in January, 1987, this real estate is subject to a deed of trust held by Citicorp. From reference to the schedules filed in the Debtors' Chapter 7 case, the Court takes judicial notice that the subject real property has value above the first lienholder's claim, so that the pre-petition tax lien claim of the IRS is fully secured.

In their complaint, the Debtors allege that the IRS lien against their property first became effective at a time when they became or were insolvent. They maintain that they were unable to borrow funds to pay their federal tax debt. The Debtors also assert that the trustee in their Chapter 7 bankruptcy case could avoid the IRS tax lien pursuant to 11 U.S.C. § 545(1)(D), but that the trustee has no interest in doing so. Therefore, the Debtors argue that they may avoid the tax lien under provisions of 11 U.S.C. § 522(h), on the ground that the lien impairs an exemption they are entitled to claim in their homestead.

The Debtors contend that their tax debt underlying the IRS lien is dischargeable, as the debt was more than three years old at the time they filed their bankruptcy petition. They also maintain that tax penalties assessed for the 1980 and 1981 tax years are likewise dischargeable, and that their federal income tax liability and penalties thereon were in fact discharged pursuant to the July 22, 1987 discharge order entered in their Chapter 7 case. They further assert that penalties and interest assessed against them for the two tax years in question are *not* included in the Notice of Federal Tax Lien recorded in Cabell County, West Virginia on November 22, 1982. The Debtors argue that to the extent that such tax penalties and interest might be considered to constitute a lien, they are avoidable by the Debtors under 11 U.S.C. § 724(a).

Alternatively, the Debtors maintain that if the federal tax lien against their property is not avoided and the IRS may enforce the same by selling their real estate, they and their dependents will be displaced from their home and caused to suffer undue

hardship. They request that this Court invoke its equitable authority under 11 U.S.C. § 105 to enjoin the IRS from enforcing its lien until such time as the subject realty is sold or the survivor of the Debtors is deceased.

The IRS has stipulated that the Debtors were insolvent on November 22, 1982 when its tax lien against them was recorded, and that the lien for penalties that accrued prepetition on the Debtors' 1980 and 1981 taxes is avoidable under 11 U.S.C. § 724(a). However, the IRS argues that the complaint filed in this action fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Bankruptcy Rule 7012. The IRS contends that the Debtors are incorrect as a matter of law in asserting that the federal tax lien against them can be avoided under 11 U.S.C. § 545(1)(D), on the basis that the lien first became effective against their property when the Debtors were insolvent. The IRS asserts that its tax lien was not designed to become effective *due to* the Debtors' insolvency. Rather, the Debtors' failure to pay their 1980 and 1981 federal income taxes after notice of assessment and demand for payment effectuated the IRS tax lien. Therefore, 11 U.S.C. § 545(1)(D) is inapposite.

■ As to pre-petition liens, the Court agrees with the IRS and adopts the reasoning followed in *Reitmeyer v. Internal Revenue Service (In re Totten)*, 82 B.R. 402 (Bankr.W.D.Pa.1988), *Wisconsin Dept. of Industry, Labor and Human Relations v. Ludwig (In the Matter of Napco Graphic Arts, Inc.)*, 51 B.R. 757 (Bankr.E.D.Wis. 1985), and *Davis v. Internal Revenue Service (In re Davis)*, 22 B.R. 523 (Bankr.W.D. Pa.1981), regarding the inapplicability of 11 U.S.C. § 545(1)(D) to avoidance of federal tax liens.

■ The Court concurs that the Debtors' tax liability underlying the IRS tax lien and pre-petition interest and penalties on that tax liability are dischargeable. 11 U.S.C. §§ 507(a)(7), 523(a)(1) and (a)(7). That tax debt and pre-petition penalties were in fact discharged by the July 22, 1987 discharge order entered in the Debtors' Chapter 7

case. However, the IRS correctly asserts that discharge of the aforementioned tax liability does *not* invalidate the federal tax lien which attached to the Debtors' real property when filed in November, 1982. *See Estate of Lellock v. Prudential Ins. Co. of America*, 811 F.2d 186, 189 (3d Cir.1987). A lien created *before* bankruptcy survives bankruptcy even though the underlying debt was discharged in bankruptcy, if the lien is not avoided. 11 U.S.C. § 506(a).

■ Since the IRS lien for taxes and interest in the present case survives the Debtors' bankruptcy, the lien will also accrue interest post-petition. 11 U.S.C. § 506(b). The Trustee's Report of No Distribution filed on March 5, 1987 in the Debtor's Chapter 7 case establishes that there were insufficient assets in the bankruptcy estate to satisfy pre-petition penalties. However, pursuant to 11 U.S.C. § 523(a)(7)(B), those penalties are discharged. The lien which survives the bankruptcy is against the Debtors' real property. Since the Debtors' non-priority personal obligation to the IRS for taxes and interest has been discharged, no personal debt remains on which any post-petition penalties can accrue. The assertion of the IRS that post-petition penalties accrue following discharge is without merit.

Contrary to the Debtors' request for relief, this Court is not able to limit the IRS tax lien against the Debtors' property to the $4,846.98 in taxes listed on the Notice of Federal Tax Lien under Internal Revenue Laws recorded in Cabell County, West Virginia in November, 1982. Section 6321 of the Internal Revenue Code [26 U.S.C. § 6321] provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The aforesaid Notice of Federal Tax Lien affecting the Debtors' property cites this Internal Revenue Code provision and states expressly on its face that the IRS lien includes taxes plus interest, penalties and costs which may accrue thereon. This Court has avoided the portion of the above lien that includes pre-petition penalties and has found the taxes and pre-petition interest and penalty claims for the Debtors' 1980 and 1981 federal income taxes to be dischargeable under 11 U.S.C. § 523(a)(7)(B). In accordance with 11 U.S.C. § 727(b), no penalty may be asserted by the IRS with reference to the secured lien claim on the Debtors' property. That lien alone secured the 1980 and 1981 tax claims of the IRS, as well as interest thereon that accrued following the petition and discharge in this case. 11 U.S.C. § 506(d).

■ Having determined that the IRS tax lien against the Debtors' property may not be avoided as to taxes and interest, the Court must decide whether to invoke its equitable powers under 11 U.S.C. § 105 to restrain the IRS from enforcing the tax lien prior to the sale of the Debtors' real estate or the death of the survivor of the Debtors. This Court finds that the Debtors cannot qualify legally for the relief they seek. They do not dispute the validity or the amount of the federal income taxes assessed against them for the 1980 and 1981 tax years. Therefore, there is no basis for denying the IRS its lawful remedies after discharge. Furthermore, the Debtors have failed to demonstrate irreparable harm, a prerequisite for obtaining an injunction. *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). There is no evidence in the record that the IRS intends to foreclose upon the Debtors' real property to satisfy its tax lien prior to a sale or devise of the property by the Debtors. Therefore, the Debtors have not shown a present threat to any exemptable interest they may have in their homestead over and above the value of the IRS lien and the debt owed under the deed of trust on their real estate. Their request for injunctive relief must therefore be denied.

For the foregoing reasons, it is hereby

ORDERED that the Debtors' federal income tax liability for the tax years 1980 and 1981 plus any pre-petition interest and penalties accrued thereon are discharged. It is further

ORDERED that counsel for the Internal Revenue Service and the Debtors shall prepare and tender a separate Order, to be entered by this Court and thereafter recorded in the office of the Clerk of the County Commission of Cabell County, West Virginia, avoiding the Internal Revenue Service lien for pre-petition tax penalties but preserving the lien for tax and interest under the November 22, 1982 federal tax lien in accordance with the provisions of this Memorandum Order. It is further

ORDERED that all other relief requested by the Debtors in this action is DENIED, and the motion of the Internal Revenue Service to dismiss this adversary proceeding will be GRANTED upon compliance with the provisions of the preceding paragraph.