**In re Larry Gean EVANS, Debtor.**

**Larry Gean EVANS, Plaintiff,**

*v.*

**UNITED STATES of America, ex rel. INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 92–00455–C.
Adv. No. 92–0061–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 20, 1993.

Gary W. Wood, Tulsa, OK, for plaintiff.

John D. Russell, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the complaint filed by Larry Gene Evans ("Debtor") to determine the dischargeability of taxes owed to the United States of America, *ex rel.* Internal Revenue Service ("IRS") and to determine the extent and validity of the IRS' lien against Debtor's interest in his retirement plan.

### FINDINGS OF FACT

1. On February 13, 1992, Debtor filed for relief under Chapter 7 of the Bankruptcy Code.

2. The IRS filed a Proof of Claim in Debtor's bankruptcy listing a secured claim in the amount of $110,905.61 for the taxable years and in the amounts as follows:

| Tax Year | Amount |
|---|---|
| 1984–1040 | $72,704.77 |
| 1985–1040 | 16,480.09 |
| 1986–1040 | 21,052.38 |
| 1987–1020 | 368.37 |
| 1988–2d Quarter 941 | 300.00 |

3. On December 11, 1989, IRS filed with the County Clerk for Rogers County, Oklahoma, a Notice of Federal Tax Lien for the taxable years 1984 through 1987 in the amount of $70,656.32.

4. Debtor is a participant in a pension plan through his former employer, McDonnell Douglas Corporation. The pension plan is a qualified pension plan under the Employment Retirement Income Security Act of 1974 ("ERISA"). Debtor's interest in the pension plan is vested.

5. In February 1992, McDonnell Douglas Corporation terminated Debtor's employment. Debtor had worked at McDonnell Douglas Corporation for nine years.

6. At this time, Debtor is fifty-two (52) years old. At age fifty-five (55), Debtor will be eligible to receive vested deferred benefits under the qualified pension plan at McDonnell Douglas Corporation.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(d). This is a core proceeding pursuant to 28 U.S.C. § 157.

2. By stipulation of the parties, the taxes for the calendar years 1984, 1985, 1986 and 1987 are dischargeable and the 941 taxes for the second quarter of 1988 in the amount of $300.00 are nondischargeable.

3. The sole issue before the Court is whether the lien of the IRS attaches to Debtor's interest in the ERISA-qualified pension plan.

4. Section 6321 of the Internal Revenue Code creates a federal tax lien, in the amount of any unpaid tax, on all property or rights to property, whether real or personal belonging to the taxpayer. 26 U.S.C. § 6321.

5. A federal tax lien attaches to every interest in property that a taxpayer might have. *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). Certain property is exempt from levy under the Internal Revenue Code, however, ERISA plans are not included. 26 U.S.C. § 6334.

6. An unqualified contractual right to receive property is itself a property right, even though the right to payment has not yet matured. *Nat'l Bank of Commerce*, 472 U.S. at 725, 105 S.Ct. at 2927, 86 L.Ed.2d at 577 (quoting *St. Louis Union Trust Co. v. United States*, 617 F.2d 1293 (8th Cir.1980)).

7. Benefits under an ERISA-qualified pension plan are property to which a federal tax lien may attach. *In re Perkins*, 134 B.R. 408 (Bankr.E.D.Cal.1991); *In re Reed*, 127 B.R. 244 (Bankr.D.Haw.1991).

8. The IRS' lien for taxes attached to and continues to attach to Debtor's interest in the ERISA-qualified pension plan.

9. It is true that an ERISA-qualified pension plan is not property of the estate. *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). However, the IRS' lien attaches nevertheless.

10. A separate judgment order will be entered consistent with this Memorandum Opinion.