### In re Gale HARRISON and Barbara Harrison, Debtors.

### Bankruptcy No. 93–33680.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Nov. 21, 1994.

Donald E. George, Akron, OH, for debtors.

Stephen A. Sherman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, Nicholas Pantel, Asst. U.S. Atty., Dayton, OH, for U.S.

George W. Ledford, Chapter 13 Trustee, Englewood, OH.

## DECISION AND ORDER GRANTING SUMMARY JUDGMENT TO INTERNAL REVENUE SERVICE, DENYING "DEBTORS' AMENDED OBJECTION TO PROOF OF CLAIM OF INTERNAL REVENUE SERVICE," AND ALLOWING UNITED STATES' CLAIM

WILLIAM A. CLARK, Chief Judge.

Before the court is the United States' motion for summary judgment (Doc. # 27). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under § 157(b)(2)(B)—allowance or disallowance of claims against the estate.

### FACTS

On October 12, 1993, Gale Harrison and Barbara Harrison ("debtors") filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code. On January 18, 1994, the Internal Revenue Service on behalf of the United States filed a proof of claim for taxes due in the amount of $11,635.76. The IRS's proof of claim states that the taxes were assessed on January 29, 1993, and are secured. The debtors filed an "Amended Objection to Proof of Claim of Internal Revenue Service" (Doc. # 30). The debtors object to the IRS's proof of claim on the following grounds:

(1) the IRS has no authority to file proofs of claim when the Treasury regulations giving IRS operational authority pursuant to 26 U.S.C. Section 7805 are examined;

(2) no valid assessment was ever made by the IRS such that there is no legitimate tax claim against debtors;

(3) the IRS has not provided debtors with a valid Notice and Demand such that their collection efforts against debtors are unlawful and which prevent the IRS from having any valid claim against debtors. Doc. #37 at 2.

### CONCLUSIONS OF LAW

■ Regulation § 601.109 provides that:

Except in cases where departmental instructions direct otherwise, the district director will, promptly after ascertaining the existence of any outstanding Federal tax liability against a taxpayer in any proceeding under the Bankruptcy Act or receivership proceeding, and in any event within the time limited by appropriate provisions of law or the appropriate orders of the court in which such proceeding is pending, file a proof of claim covering such liability in the court in which the proceeding is pending. Such a claim may be filed regardless of whether the unpaid taxes involved have been assessed. 26 C.F.R. § 601.109(a)(2).

Regulation § 301.6871(a)–2, which governs the collection of assessed taxes in bankruptcy and receivership proceedings, states that:

(b) District directors should, promptly after ascertaining the existence of any outstanding liability against a taxpayer in any proceeding under the Bankruptcy Act or in any receivership proceeding, and in any event within the time limited by the appropriate provisions of the Bankruptcy Act, or by the appropriate orders of the court in which such proceeding is pending, file proof of claim covering such liability in the court in which such proceeding is pending. Such proof of claim should be filed whether the unpaid taxes involved have been assessed or not, except in cases where the instructions of the Commissioner direct otherwise;

Debtors assert that the "Bankruptcy Act" referred to in the above regulations was repealed by the enactment of the "Bankruptcy Code" in 1978 and, therefore, the Internal Revenue Service is without authority to file a proof of claim in the debtors' bankruptcy proceedings:

Debtors state that the Internal Revenue Service has no formal authority to file any proof of claim in [debtors'] chapter 13 proceeding in that the authority of the Internal Revenue Service to file proofs of claim in bankruptcy proceedings is clearly set forth in 26 Code of Federal Regulations Sections 601.109 and 301.6871 and that such sections are limited to filing under the Bankruptcy Act which was superseded by the enactment of the Bankruptcy Code, title 11 United States Code which occurred in 1978, further that there are no regulations which authorize the filing of proofs of claim under the current Bankruptcy Code and that without authorization by regulations promulgated by the Secretary of the Treasury, the Internal Revenue Service has no authority to act, further that the action taken by the Internal Revenue Service in filing a proof of claim where there was no authority to do so violated [debtors'] rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States. Doc. #30 at 2–3.

The court is of the opinion that the debtors' interpretation of the relevant regulations is unduly narrow. Although these regulations were enacted while the Bankruptcy Act of 1898 was in effect, this court is not persuaded that these regulations became inoperative merely because additional bankruptcy legislation was substituted for the Bankruptcy Act of 1898. What is popularly known as the "Bankruptcy Code" was enacted on November 6, 1978, as part of the "Bankruptcy Reform Act of 1978" (Pub.L. No. 95–598). Therefore, the court believes that it is both permissible and reasonable to construe the use of the term "Bankruptcy Act" in the regulations as including the "Bankruptcy Code."

■ The debtors' position is also untenable because of the distinction between "mandatory" regulations and "directory" regulations:

[The distinction] is frequently applied when taxpayers complain that the IRS has failed to comply with its internal procedures regulating such housekeeping matters as the allocation of authority within

the agency. A taxpayer usually cannot compel the IRS to comply with rules of this type, often because the breach caused the taxpayer no prejudice. A "directory" rule differs from both legislative and interpretative regulations in that it does not impose judicially enforceable duties on the IRS or create correlative rights in the taxpayer. *Federal Taxation of Income, Estates and Gifts*, Boris I. Bittker, Lawrence Lokken, Vol. 4, para. 110.4.2 (2d ed.)

In the instant matter, the regulations merely "direct" the district director to file proofs of claim in the proceedings. They do not create the sole authority for the IRS to file a proof of claim in bankruptcy proceedings but rather determine which IRS personnel shall perform the task of filing proofs of claims. As a result, Regulations §§ 301.6871(a)–2 and 601.109 are "merely internal agency instructions." *In re White*, 168 B.R. 825, 833 (Bankr.D.Conn.1994).

■ Authority of the IRS to participate in bankruptcy proceedings is ultimately grounded on the fact that the Secretary of the Treasury is statutorily authorized to administer and enforce the tax laws of the United States, 26 U.S.C. § 7801, and that the Secretary may delegate such duties to the Commissioner of Internal Revenue, 26 U.S.C. § 7802(a).[1] On April 22, 1982, then Secretary of the Treasury, Donald T. Regan, delegated his responsibility for Internal Revenue Laws to the Commissioner of Internal Revenue:

> By virtue of the authority vested in me as Secretary of the Treasury, including the authority in the Internal Revenue Code of 1954 and Reorganization Plan No. 26 of 1950, it is hereby ordered:
>
> 1. *The Commissioner of Internal Revenue* shall be responsible for the administration and enforcement of the Internal Revenue laws.

Department of the Treasury Order, No. 150–10.

On February 22, 1991, authority to sign proofs of claims and other documents was redelegated by the Chief Operations Officer:

> Pursuant to the authority vested in the Commissioner of Internal Revenue by 26 CFR 301.7701–9 and 26 CFR 301.6871, the authority to sign proofs of claim and other documents asserting the obligations incurred under the Internal Revenue laws (including taxes, penalties and interest), in order to claim and collect such obligations in any proceeding under the Bankruptcy Act, Bankruptcy Code and any receivership, decedent's estate, corporate dissolution, or other insolvency proceeding is hereby redelegated to the following officers:
>
> Chief, Special Procedure Staff or Branch

Delegation Order No. 51 (Rev. 7).

The court finds, then, that the IRS has authority to file a proof of claim for taxes on behalf of the United States Government.

With respect to the issues involving an "assessment"[2] by the IRS, the debtors state that:

> [A]t all times herein the Internal Revenue Service has failed to provide Debtors with a Notice and Demand in accordance with the requirements of Title 26 Code of Federal Regulations Section 301.6303–1 such that the claim of taxes against [debtors] is without authority and unenforceable.... Doc. # 30, at 4.

> The failure by the IRS to send a Notice and Demand form (regardless of form number) precludes the IRS from having the authority that it needs in order to commence any collection action against the debtors. Doc. # 37, at 9.

■ At the outset it should be noted that, even if no assessment took place, this court has the authority to determine the tax liability of the debtors:

> § 505. Determination of tax liability.

**1.** More specifically, "[t]he Secretary shall collect the taxes imposed by the internal revenue laws." 26 U.S.C. § 6301.

**2.** An "assessment" is made by "recording the liability of the taxpayer in the office of the Secretary." 26 U.S.C. § 6203. It is "essentially a bookkeeping notation made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls." *United States v. Toyota of Visalia*, 772 F.Supp. 481, 488 (E.D.Cal. 1991).

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, *whether or not previously assessed,* whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1) (emphasis supplied).

Therefore, neither an assessment nor a notice and demand are conditions precedent to the allowance or the disallowance of an IRS claim under bankruptcy law. *In re White, supra,* 168 B.R. at 832.

■ In the instant case, however, there is evidence that an assessment was made as well as the sending of a notice and demand.[3] The United States has attached to its Supplemental Memorandum of Law for Summary Judgment (Doc. # 35) a copy of a "Certificate of Assessments and Payments" for each debtor. The certificate lists both an assessment date and a "First Notice" date of January 29, 1993.

"Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir.1992). "The Certificates of Assessments and Payments, which listed "First Notice" dates for each assessment, also constituted presumptive proof that the IRS gave notice of the assessments and made demands for payment...." *Geiselman v. United States,* 961 F.2d 1, 6 (1st Cir.1992).

In response to the United States' motion for summary judgment, the debtors' counsel introduced into evidence the following documents as having been received by the debtors: "Notice of Federal Tax Lien Under Internal Revenue Laws," "Taxpayer's Copy of Notice of Levy," "Final Notice (Notice of Intention to Levy)," "Notice of Levy on Wages, Salary, and Other Income," and "Levy." At the hearing on summary judgment, debtors' counsel stated that these were the documents provided to him by the debtors, and there was no document entitled "Notice and Demand." Counsel's statements are not evidence, of course, and even if they were, the statements only demonstrate what the debtors turned over to counsel—not what was received by the debtors from the IRS. In any event, the debtors did not take the stand to deny receipt of a Notice and Demand nor did they provide an affidavit to such effect as part of their opposition to summary judgment. As a result, the court finds that the debtors have provided no evidence to counter the presumptive validity of the notices and assessments of the IRS, and there is no evidence sufficient to create a genuine issue of material fact to defeat the motion for summary judgment.

On the basis of the foregoing, it is hereby ORDERED that summary judgment is granted in favor of the United States, that the objection of the debtors is denied, and that the claim of the United States is allowed.

---

**3.** "[T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address." 26 U.S.C. § 6303.

After compliance with the procedures of assessment, notice and demand, the IRS may take a lien on the delinquent taxpayer's property. *Brewer v. U.S.,* 764 F.Supp. 309, 315 (S.D.N.Y. 1991).