**In re Martin M. CARLSON, Debtor.**

**Bankruptcy No. 93–21168–A–13.**

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

Jan. 9, 1995.

Greg Smith, Law Offices of John A. Tosney, Sacramento, CA, for debtor.

Thomas M. Rohall, Sp. Asst. U.S. Atty., Sacramento, CA, for I.R.S.

Lawrence J. Loheit, Chapter 13 Trustee, Sacramento, CA.

**MEMORANDUM OF DECISION**

DAVID E. RUSSELL, Chief Judge.

Debtor objects to the Internal Revenue Service's claim for $24,805.81 on the grounds that the claim is unsecured. Debtor admits to the amount of the claim for $24,805.81.

The issue before the court is whether the Internal Revenue Service (hereinafter "the Service") can attach a lien to Debtor's interest in a pension plan provided under the state of California's Public Employee Retirement System (PERS).

Pursuant to 11 U.S.C. § 522(b)(1), California has chosen to "opt out" of the standardized exemptions set forth in § 522(d). Cal. Code Civ.Proc. § 703.130. California's substitute provisions allow debtors to exempt pension plan payments from the property of the estate. Cal.Code Civ.Proc. § 703.140(b)(10)(E).

However, property exempted from the bankruptcy estate, even under state law, is still subject to federal tax liens. 11 U.S.C. § 522(c)(2)(B); *Leuschner v. First Western Bank & Trust Co.*, 261 F.2d 705, 708 (9th Cir.1958). Thus, even where state law exempts a debtor's interest in a vested pension plan from the bankruptcy estate, such exemption does not preclude a federal tax lien.

**594**

§§ 522(c)(1), (2)(B); *In re Anderson,* 149 B.R. 591, 594–95 (9th Cir. BAP 1992); *In re Perkins,* 134 B.R. 408 (Bankr.E.D.Cal.1991); *In re Reed,* 127 B.R. 244 (Bankr.D.Haw. 1991). Therefore, in the instant action, Debtor's vested interest in the PERS pension plan is subject to federal tax liens.

■ Section 6321 of the Internal Revenue Code creates a federal tax lien on all property or rights to property belonging to a taxpayer. 26 U.S.C. § 6321. An unqualified contractual right to receive property—even though the right to payment has not yet matured—is itself a property right, and thus subject to a federal tax lien. *United States v. National Bank of Commerce,* 472 U.S. 713, 725, 105 S.Ct. 2919, 2927, 86 L.Ed.2d 565 (1985).

In the instant action, Debtor contends that the Service's claim for unpaid taxes is unsecured because there is no property to which the federal tax lien can attach. However, Debtor has a beneficial interest in a PERS pension plan. This right to receive payments from PERS is a property interest to which the Service may attach a lien. Therefore, Debtor's objection to the Service's secured status is without merit and must be overruled.

The foregoing constitutes this court's findings of fact and conclusions of law. An appropriate order overruling Debtor's objection will issue.