**In re Hanne Marie SCHIBILSKY, Debtor.**

**Hanne Marie SCHIBILSKY, Plaintiff,**

**v.**

**UNITED STATES of America, DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 94–61943.
Adv. No. 94–6539.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 27, 1995.

Montford S. Ray, Blairsville, GA, for debtor/plaintiff.

Ann Reid, U.S. Dept. of Justice, Washington, DC, for defendant.

### ORDER

JOYCE BIHARY, Bankruptcy Judge.

This matter is before the Court on a motion for summary judgment filed by defendant United States of America, on behalf of the Internal Revenue Service (the "IRS"). Debtor Hanne Marie Schibilsky filed this adversary proceeding against the United States objecting to the proof of claim filed by the IRS in debtor's Chapter 13 case. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

The essence of the defendant's motion for summary judgment is that there is no basis upon which the plaintiff's objections could be granted. Early in the case, the United States served interrogatories and requests for production of documents in an effort to understand the basis of the plaintiff's contentions that the IRS's proof of claim be declared "null and void." After the Court ordered the plaintiff to respond to the discovery, plaintiff filed a response to the interrogatories. The United States' first interrogatory had asked the defendant to state all facts,

contentions of fact, and contentions of law which the debtor contends will support the demand that the proof of claim of the IRS be held null and void. Plaintiff's response to that interrogatory was that "plaintiff contends that the IRS lacks proper regulatory authority to file a proof of claim and, even if the court finds such authority, the proof of claim has been tendered by individuals whose authority has not been lawfully delegated."

Defendant correctly argues that, as a matter of law, the IRS possesses the properly delegated authority to file a proof of claim and participate in bankruptcy proceedings on behalf of the United States. The IRS states it has the statutory authority to administer and enforce tax laws, pursuant to 26 U.S.C. §§ 7801 and 7802, and cites *In re Harrison*, 177 B.R. 564 (Bankr.S.D.Ohio 1994) *leave to appeal denied*, No. MC–3–94–037, 1995 WL 113412 (S.D.Ohio, Dec. 21, 1994). In *In re Harrison*, the Court held that the IRS has authority to file a proof of claim for taxes on behalf of the United States Government. The Court stated that:

Authority of the of the IRS to participate in bankruptcy proceedings is ultimately grounded on the fact that the Secretary of the Treasury is statutorily authorized to administer and enforce the tax laws of the United States, 26 U.S.C. § 7801, and that the Secretary may delegate such duties to the Commissioner of Internal Revenue, 26 U.S.C. § 7802(a). On April 22, 1982, then Secretary of the Treasury, Donald T. Regan, delegated his responsibility for Internal Revenue Laws to the Commissioner of Internal Revenue:

By virtue of the authority vested in me as Secretary of the Treasury, including the authority in the Internal Revenue Code of 1954 and Reorganization Plan No. 26 of 1950, it is hereby ordered:

1. *The Commissioner of Internal Revenue* shall be responsible for the administration and enforcement of the Internal Revenue laws.

Department of the Treasury Order No. 150–10.

On February 22, 1991, authority to sign proofs of claims and other documents was

redelegated by the Chief Operations Officer:

> Pursuant to the authority vested in the Commissioner of Internal Revenue by 26 CFR 301.7701–9 and 26 CFR 301.6871, the authority to sign proofs of claim and other documents asserting the obligations incurred under the Internal Revenue laws (including taxes, penalties and interest), in order to claim and collect such obligations in any proceeding under the Bankruptcy Act, Bankruptcy Code and any receivership, decedent's estate, corporate dissolution, or other insolvency proceeding is hereby re-delegated to the following officers:
>
> Chief, Special Procedure Staff or Branch

Delegation Order No. 51 (Rev. 7).

The court finds, then, that the IRS has the authority to file a proof of claim for taxes on behalf of the United States Government.

*Id.* at 567 (footnote omitted).

The reasoning in *In re Harrison* is persuasive, and the Court concludes that the IRS has the properly delegated authority to file a proof of claim and participate in bankruptcy proceedings on behalf of the United States.

██ Plaintiff argues that Treasury Department Order No. 150–10 ("TDO No. 150–10"), cited in the quoted portion of the *Harrison* opinion above, was never published in the Federal Register, as required by 5 U.S.C. § 552(a)(1)(D). Section 552(a)(1)(D) requires that "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency," be published in the Federal Register. 5 U.S.C. § 552(a)(1)(D) (1994). Contrary to plaintiff's contention, at least four circuit courts have held that internal delegations of authority like TDO No. 150–10 are not "substantive rules of general applicability" requiring publication in the Federal Register. *United States v. Goodman,* 605 F.2d 870, 888 (5th Cir.1979); *United States v. Saunders,* 951

F.2d 1065, 1067–1068 (9th Cir.1991); *Lonsdale v. United States,* 919 F.2d 1440, 1446 (10th Cir.1990); *Hogg v. United States,* 428 F.2d 274, 280 (6th Cir.1970) *cert. denied* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Two of these cases specifically found that the Federal Register Act (44 U.S.C. §§ 1501 to 1511) did not require publication of TDO 150–10. *Saunders,* 951 F.2d at 1068; *Lonsdale,* 919 F.2d at 1446.

The cases cited by plaintiff are not on point. None of the cases addresses the publication requirements of Treasury Department Orders or other internal delegations of authority. Instead, all four cases discuss the legally binding authority of various, substantive Federal Regulations. *See, California Bankers Association v. Shultz,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974) (discussing Constitutional issues relating to Bank Secrecy Act of 1970 and implementing regulations); *United States v. Mersky,* 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423 (1959) (interpreting the Tariff Act of 1930 and implementing regulations); *United States v. Murphy,* 809 F.2d 1427 (9th Cir.1987) (discussing the Currency Reporting Act and implementing regulations); *Dodd v. United States,* 223 F.Supp. 785 (D.N.J.1963), *aff'd,* 345 F.2d 715 (3d Cir.1965) (finding federal tax regulations preempt state law for federal tax purposes).

The Court concludes that the IRS possesses the properly delegated authority to file proofs of claim and participate in bankruptcy proceedings on behalf of the United States, and defendant's motion for a summary judgment dismissing the claim that the IRS lacked the proper authority to file a proof of claim is GRANTED.

The remaining issues [1] raised in the defendant's summary judgment motion and the plaintiff's response are not sufficiently developed in the briefs to allow the Court to make any intelligent rulings. However, it may be useful to set forth which facts exist without substantial controversy.

On February 9, 1994, debtor filed an incomplete Chapter 13 petition. On February 23, 1994, debtor filed a Statement of Finan-

---

**1.** In plaintiff's response to the summary judgment motion, plaintiff dismissed her claim requesting any determination of the dischargeability of the tax debt.

cial Affairs and Schedules listing only one creditor, the IRS. In debtor's schedules, she states that she has no real property, that she has personal property which she values at a total of $20,178.00, and that she claims exemptions valued at $12,722.00.

The IRS filed a proof of claim on June 8, 1994, and subsequently amended the proof of claim twice, on July 26, 1994 and October 12, 1994. The Proof of Claim referred to in the remainder of this Order is the Proof of Claim filed on October 12, 1994. In the Proof of Claim, the IRS lists a total claim in the amount of $269,951.87, with $61,855.94 of this amount listed as secured, $176,013.20 as a priority unsecured claim, and $32,082.73 as a general unsecured claim. The IRS's secured claim of $61,855.94 is for income taxes, penalties, and pre-petition interest due from plaintiff for the tax years 1984 and 1987. The Proof of Claim states that the 1984 taxes were assessed on November 25, 1985 and the 1987 taxes were assessed on May 30, 1988. The Proof of Claim states that notices of tax liens were filed on December 19, 1986, June 12, 1991, and February 8, 1993.

The IRS's unsecured priority claim under 11 U.S.C. § 507(a)(8) of $176,013.20 includes estimated amounts owed for income taxes and pre-petition interest for the tax years 1988, 1989, 1990, 1991, 1992, and 1993. The IRS's claim for estimated taxes and pre-petition interest for the tax years 1988 and 1989 is $92,991.91. The IRS's general unsecured claim of $32,082.73 is for penalties on the unsecured priority claims until the bankruptcy was filed.

Debtor timely filed her federal income tax returns for the tax years 1984 and 1987. Debtor filed this Chapter 13 case on February 9, 1994. Debtor did not file her federal income tax returns for the tax years 1988, 1989, 1990, 1991, 1992, and 1993 until July of 1994.

Defendant seeks a summary judgment on the plaintiff's claim that the tax liabilities of the debtor are "barred from collection." The parties appear to agree that the IRS's claims are not barred by any statute of limitations on collection. The briefs are confusing, however, as to whether plaintiff is claiming a bar by virtue of a statute of limitations on assess-

ment. The Court cannot tell from the briefs whether there is a dispute and, if so, what facts and law are relevant to the dispute.

In her response, debtor asserts three other objections to the Proof of Claim which are not addressed by the IRS. First, debtor asserts that the IRS seized $70,000.00 of debtor's property prior to bankruptcy, that there has been no accounting as to how the value of the seized property was applied to the tax debt, and that the claim should be reduced by $70,000.00. The IRS did not file a reply to plaintiff's brief, and the record does not contain sufficient facts to address this claim.

Second, debtor asserts that the IRS does not have a secured claim, because debtor has no assets. She argues that the $61,855.94 "secured" claim is really a non-priority unsecured claim. Third, debtor argues that the debt for the years prior to 1990 is a non-priority unsecured claim. The IRS has not addressed these arguments, and the Court cannot determine from the briefs whether there is any real dispute as to which portions of the tax claim are secured, priority or non-priority claims.

In accordance with the above reasoning, the defendant's motion for summary judgment is GRANTED in part and DENIED in part.

In order to clarify what issues remain to be adjudicated, IT IS ORDERED and NOTICE IS HEREBY GIVEN that a pre-trial conference in the above-styled adversary proceeding will be held on **June 5, 1995,** at **1:30 P.M.,** IN COURTROOM 1402, UNITED STATES COURTHOUSE, RICHARD B. RUSSELL FEDERAL BUILDING, 75 SPRING STREET, ATLANTA, GEORGIA. Counsel should be fully prepared to discuss the following:

1. The status of debtor's payments to the Chapter 13 trustee and whether this is an appropriate case for Chapter 13 relief.

2. Whether plaintiff is claiming that any portion of the tax claim is barred by any applicable statute of limitations and, if so, which portion of the claim is barred by what statute of limitations.

3. Counsel should be prepared to advise the Court what property of the debtor was seized prior to bankruptcy and how it was applied to the tax debt.

4. Counsel for both plaintiff and defendant should be prepared to address whether the IRS has any secured claim in this case.

5. On or before May 31, 1995, counsel for both plaintiff and defendant must file their respective contentions with respect to which portions of the tax claim are priority claims and why and which portions of the claim are non-priority tax claims.

IT IS SO ORDERED.