**In re David W. FULLER, Debtor.**

**David W. FULLER, Plaintiff,**

**v.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE (IRS), Defendant.**

**Bankruptcy No. 96–10616.**
**Adversary No. 96–1061.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 3, 1997.

See also: 189 B.R. 352.

David W. Fuller, Hermitage, PA, pro se, Debtor.

Gary J. Gaertner, Pittsburgh, PA, Chapter 13 Trustee.

Angelo A. Frattarelli, Washington, DC, for United States, Internal Revenue Service.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### I. Background

David W. Fuller ("Debtor") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on May 24, 1996. This is Debtor's third trip to Bankruptcy Court. In 1992, the Debtor filed a Chapter 13 Petition which he voluntarily dismissed in December, 1992. In May, 1993, Debtor filed a Petition under Chapter 7. In the present case, the Debtor has scheduled total assets of $1,450 which consists of cash, $700; household goods, $300; cassette tapes, video tapes, and books, $200; clothes, $200; and camera, $50. The Debtor's schedules show income of $5,174 per month from a long term disability plan. The schedules reveal three creditors—his former bankruptcy attorney, James E. Blackwood, Esq., $4,400; Charles Cricks for a personal loan, $5,000; and the Internal Revenue Service ("IRS") for "Taxes from the year 1989," $2,100. The Debtor lists the IRS as a creditor whose claim is disputed. Debtor's Schedule J reflects total monthly expenditures of $2,160 and excess income of $3,014 ($5,174 − 2,160).

Debtor filed an original Chapter 13 Plan dated June 10, 1996. Debtor proposed a payment of $320 per month for 36 months to pay a 100% dividend to all creditors. Objections to confirmation were filed by the Chapter 13 Trustee and the IRS. The objections were that the Debtor did not account for payment of the Trustee's administrative fees and that the Debtor failed to provide for payment of the IRS claim in the Plan. The IRS filed a proof of claim dated July 5, 1996 in the amount of $410,037.81, consisting of a secured claim in the amount of $367,896.39, a priority claim in the amount of $40,206.76, and a general unsecured claim in the amount of $1,934.66. The IRS filed an amended proof of claim dated August 22, 1996 reducing the amount of its claim to $403,850.63 consisting of a secured claim in the amount of $367,896.39, a priority claim in the amount of $32,889.72 and a general unsecured claim in the amount of $3,064.52.

The Debtor filed a revised Plan to provide for the Trustee's fees. Confirmation was continued generally pending resolution of the Debtor's objections to the IRS claim.

On August 6, 1996, Debtor filed the within COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF TAX LIENS AND OBJECTION TO PROOF OF CLAIM. The Debtor asserts that the IRS's Notices of Federal Tax Lien for the years 1984 through 1991 filed with the Prothonotary of Mercer County, Pennsylvania, are invalid because the Notices "are not certified by 'the Secretary of the Treasury of the United States, or his delegate,' as required by Pennsylvania law (74 P.S. 157–1 et seq.)." The Debtor further asserts that the IRS liens do not attach to his future exempt pension benefit as the Debtor has no equity in the pension plan. Debtor asserts that his assets are limited to personal and household items with a total value of $1,450.

In his second cause of action, Debtor asserts that the proof of claim filed by the IRS is invalid for numerous reasons. Debtor asserts that the IRS incorrectly asserts a secured claim of $367,896.39 for the years 1984 through 1991 because the Debtor was dis-

charged in his prior Chapter 7 bankruptcy case of liability for the years 1984 through 1988; that the Proof of Claim form requires a secured creditor to attach "evidence of perfection of security interest" and that the "Facsimile Federal Tax Lien Documents," attached by the IRS are inadequate; and that the IRS has failed to properly execute a signature on the proof of claim form.

The Debtor subsequently filed an Amended Complaint (the original Complaint and the Amended Complaint, collectively the "Complaint") to further assert opposition to that portion of the IRS proof of claim for 1993, 1994 and 1995; years for which the IRS has not filed a lien. The Debtor states that "[t]he alleged debts have no foundation in law and have been improperly imposed."

The IRS has filed a Motion to Dismiss the Complaint. The IRS asserts that the Debtor has litigated these same issues in his prior Chapter 7 case and therefore, the doctrine of collateral estoppel prevents Debtor from litigating the issues again. The IRS further asserts that Debtor's frivolous objection to claim must be overruled and that the case should be dismissed for lack of good faith.

Attached to the IRS's Motion to Dismiss is the DECLARATION of Angelo A. Frattarelli, one of the attorneys for the IRS. The Debtor has filed a motion to strike the DECLARATION alleging that it constitutes a conflict of interest.

The Debtor has also filed a Motion to Determine Good Faith Filing and Request for Evidentiary Hearing and a Motion for Partial Summary Judgment Against IRS's Proof of Claim.

## II. Proof of Claim

■ The Debtor asserts that "[t]he proof of claim filed by the IRS is null and void of legal effect because it was not signed by the official so designated to perform this task."

The original proof of claim filed by the IRS clearly sets forth the amount and nature of its claim. The original claim is signed. The signature is illegible. Following the signature is "/for" and printed under the signature line is "Chief, Insolvency Section." The name, address and telephone number of the creditor are clearly shown in the section of the Claim form entitled "name of creditor."

The Amended Proof of Claim ("Claim") filed by the IRS reduces the previously estimated amount of its priority tax to reflect the amount of tax on income shown on the Debtor's 1995 tax return. The Claim is clearly signed by an IRS employee and the signature is legible.

Debtor asserts that the IRS's Claim must be rejected because 26 CFR § 301.6871(a)–2 authorizes the District Director and no one else to sign a proof of claim.

■ IRS employees possess the properly delegated authority to file a proof of claim and participate in bankruptcy proceedings on behalf of the United States. *In re Schibilsky,* 185 B.R. 81 (Bankr.N.D.Ga.1995); *In re Harrison,* 177 B.R. 564 (Bankr.S.D.Oh.1994). The Claim does have the signature of an IRS employee. The title is printed under the signature line, fully identifying the party responsible for the Claim. As such, the Claim form substantially conforms to all requirements. *See In re Vines,* 200 B.R. 940, 948 (M.D.Fl.1996); *In re White,* 168 B.R. 825, 834 (Bankr.D.Conn.1994).

The purpose of the proof of claim form is to enable the debtor and its creditors to know what parties are making claims and in what general amounts. *See In re Papp Int'l, Inc.,* 189 B.R. 939, 946 (Bankr.D.Neb. 1995).

The Debtor has adequate notice of the claim against him and is able to challenge the existence or accuracy of the amount of the Claim.

■ The Debtor next asserts that the "(d)ocuments accompanying the proof of claim ... do not comply with Rule 44 of the Federal Rules of Civil Procedure or Rule 902 of the Federal Rules of Evidence as mandated by Bankruptcy Rule 9017;" that the "(d)ocuments accompanying the proof of claim ... do not comply with Pennsylvania law requiring certification of Notices of Lien by the Secretary of the Treasury of the United States or his delegate."

The IRS has attached to its claim five pages entitled "FACSIMILE FEDERAL TAX LIEN DOCUMENT." The documents identify the taxpayer, the type of tax, tax periods, date assessed, balances and lien re-

cording information. The documents further show the name and title of the authorizing official and the date of preparation. The documents provide all of the information required to enable the Debtor to ascertain the exact origin and nature of the claims against him.

Finally, we note that even though the IRS has provided detailed supporting documentation, other courts have concluded that such documentation is unnecessary. As stated in *In re Vines*, 200 B.R. at 949:

> Vines argues that, under Bankruptcy Rule 3001, the IRS is required to attach copies of any supporting documents such as promissory notes, contracts, court judgments, or evidence of security interest and that such attachment is required for perfection of a security interest. This requirements (sic) derive from Rule 3001(c) and (d) which requires that a claim "based on a writing," be filed in original or duplicate with the Proof of Claim, and that the "Proof of Claim shall be accompanied by evidence that the security interest has been perfected." However, the IRS was not required to attach any documentation to its Proof of Claim because the claim and lien are based not on a writing, but on federal statutes. *See In re Jenny Lynn Mining Co.*, 780 F.2d 585, 587 (6th Cir.) *cert. denied*, 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986). Even though part of the IRS's claim is secured, the security is a "statutory lien" arising solely out of statutory obligations, *see* § 101(53), as opposed to a "security interest," such as a lien created by a private agreement, *see* § 101(51). *See* 26 U.S.C. § 6321 et seq. (West 1989 & Supp.1994) (creating and defining characteristics of a tax lien). The Proof is therefore not defective due to lack of supporting documentation. This Court upheld this position in *United States v. Boyd* in holding a tax claim to be based on an obligation created by statute, and not founded on a writing. As such, this Court noted that the IRS was not required to attach documentation to it (sic) claim. 76 A.F.T.R.2d 95–7836, 1995 WL 790049 (M.D.Fla.1995).

As set forth above, the Proof is found to be valid and entitled to the presumptive validity attributed to it under Rule 3001(f).

Thus, *Vines* bore the burden of showing by a preponderance of the evidence, or at the very least, some evidence, that the IRS's claim was substantively erroneous or invalid in either existence or amount. However, he failed to present any evidence to this effect. For these reasons, the Bankruptcy Court did not err by refusing to grant *Vines'* request to invalidate the Proofs of Claim.

Accordingly, we hold that the Claim executed and filed by the IRS complies with Fed.R.Bank.P. 3001 and constitutes prima facie evidence of the validity and amount of its Claim. *In re Alternative Publications, Inc.*, 186 B.R. 912 (Bankr.S.D.Oh.1995).

### III. Debtor's Motion to Strike Declaration

■ Angelo A. Frattarelli, an attorney for the IRS, has filed a Declaration in support of the IRS's Motion to Dismiss. Debtor relies upon Rule 3.7 of the Pennsylvania Rules of Professional Conduct in support of his Motion. Rule 3.7 states, in pertinent part, that "[a] lawyer shall not act as an advocate *at trial* in which the lawyer is likely to be a necessary witness ...". (emphasis added). This case has not been set for trial. Debtor's Motion to Strike is without merit.

### IV. IRS's Motion to Dismiss

The Debtor seeks an order declaring whether the IRS has a lien on Debtor's exempt pension benefit. The IRS asserts that the doctrine of collateral estoppel (or issue preclusion) prevents the Debtor from further litigating the extent and validity of the IRS's liens. "Issue preclusion" applies when (1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment. ..." *In re Graham*, 973 F.2d 1089, 1097 (3d Cir.1992) (citations omitted).

The IRS asserts that prior litigation in the Debtor's Chapter 7 case precludes the Debtor from further litigation on the issue of whether the IRS has a lien on the Debtor's future pension benefits. In the prior case, reported at *In re Fuller*, 189 B.R. 352

(Bankr.W.D.Pa.1995), the issue was the dischargeability of the Debtor's income tax obligations for the years 1984 through 1988 and whether the Debtor willfully attempted in any manner to evade or defeat such tax. We concluded that the Debtor's income tax obligations for the years 1984 through 1988 were dischargeable and went on to state:

We note that this finding of dischargeability does not leave the IRS without remedy. The IRS filed liens which attached to the Debtor's prepetition assets which include a pension plan. The Debtor is presently 57 years old and will be entitled to receive pension payments at age 60. The IRS tax liens on the Debtor's pension survive discharge and the IRS will be able to levy on the pension payments.

*In re Fuller,* 189 B.R. at 357.

■ Debtor acknowledges that the IRS has·mailed Notices of Federal Tax Lien to the Prothonotary of Mercer County, Pennsylvania for the years 1984 through 1991. Debtor asserts that the Notices are invalid because they "are not certified by 'the Secretary of the Treasury of the United States or his delegate,' as required by Pennsylvania law (74 P.S. 157–1 et seq.)." The Debtor states that this issue is currently pending in the United States District Court for the Western District of Pennsylvania.

This issue was not addressed in the Debtor's previous bankruptcy case, but can be disposed of at this time.

The Pennsylvania statute to which the Debtor directs our attention, the Uniform Federal Lien Registration Act, 74 Pa.S.A. § 157–1 et seq. (Purdon's 1993), provides at § 157–4:

§ 157–4. Execution of Notices and Certificates. Certification of notices of liens, certificates or other notices affecting Federal liens by the Secretary of the Treasury of the United States, or his delegate, or by any official or entity of the United States responsible for filing or certifying of notice of any other lien, entitles them to be filed, and no other attestation, certification or acknowledgement is necessary.

74 Pa.S.A. § 157–4 (Purdon 1993).

The Notices of Federal Tax Lien do not, as the Debtor states, need to be certified by "the Secretary of the Treasury of the United States or his delegate," but may also be certified by "any official or entity of the United States responsible for filing or certifying of notice."

The Notices of Federal Tax Lien which the IRS filed with the Prothonotary for the years 1984 through 1991 are products of acts of officials of the IRS.

In *Tweedy v. United States,* 1992 WL 438014 (D.Idaho 1992), the Court addressed similar arguments:

In a recent Tenth Circuit decision, the court observed that the argument that " 'the Commissioner of the Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority' is a meritless tax protester argument." *Lonsdale v. United States,* 919 F.2d 1440 (10th Cir.1990). This is so because the United States Tax Court has stated, "delegation orders do no (sic) affect the rights and obligations of citizens ... [t]hey are not substantive or legislative-type rules of law, but rather rules of internal agency/management procedure." *Stamos v. Commissioner,* 95 T.C. 624, 631 [1990 WL 199493] (1990). The Ninth Circuit has addressed a similar challenge and stated that certain Treasure Delegation Orders had "no legal impact on, or significance for, the general public. Instead, they simply effected a shifting of responsibilities wholly internal to the Treasure Department." *United States v. Saunders,* 951 F.2d 1065, 1068 (9th Cir.1991). The court in *Vote* also found that plaintiff's arguments that the officer was "not a duly appointed delegate of the Secretary and that the Internal Revenue Services's assessment and notice processes are irregular, are frivolous ..." *Vote,* 753 F.Supp. at 869.

*Tweedy v. United States,* 1992 WL 438014 (1992) *aff'd.* 26 F.3d 132 (9th Cir.1994).

The Debtor's position with respect to the validity of the filed liens is without merit. *See Watts v. Internal Revenue Service,* 925 F.Supp. 271 (D.N.J.1996); *Weigandt v. United States,* 1996 WL 124219 (E.D.Wash.1996)

*aff'd.* 98 F.3d 1348 (9th Cir.1996); *Wheeler v. O'Hanlon,* 1995 WL 809754 (W.D.Pa.1995) *aff'd.* 96 F.3d 1437 (3d Cir.1996); *Mettenbrink v. United States,* 1991 WL 82837 (D.Neb.1991).

■ The Debtor also asserts that he has no equity in his pension plan and appears to assert that the IRS's liens cannot attach to Debtor's future exempt pension benefit. The Debtor further asserts in opposition to the IRS's Motion to Dismiss that, since the pension he will receive when he turns 60 is excluded from his bankruptcy estate, this Court lacks jurisdiction to make decisions concerning the Debtor's pension plan.

■ We need not dwell long upon the issue of our jurisdiction to make decisions concerning Debtor's pension plan. The Debtor's pension plan is an ERISA qualified plan and is excluded from property of the bankruptcy estate. 11 U.S.C. § 541(c)(2); *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). However, "[t]he bankruptcy court clearly has jurisdiction to deal with a debtor's avoidance of a lien on exempted property." *In re Raihl,* 152 B.R. 615, 619 n. 6 (9th Cir. BAP1993); *See also In re May,* 194 B.R. 853 (Bankr. D.S.D.1996); *In re Eakin,* 156 B.R. 59, 60 (Bankr.D.Idaho 1993); *In re Anderson,* 149 B.R. 591, 594 (9th Cir. BAP1992).

■ It is also clear that a federal tax lien attaches to the Debtor's right to receive future pension plan payments from an ERISA qualified plan at the time such payments are distributed or become due. *United States v. Sawaf,* 74 F.3d 119 (6th Cir. 1996); *Shanbaum v. United States,* 32 F.3d 180 (5th Cir.1994); *In re May,* 194 B.R. 853 (Bankr.D.S.D.1996); *In re Wesche,* 193 B.R. 76 (Bankr.M.D.Fl.1996); *In re Carlson,* 180 B.R. 593 (Bankr.E.D.Ca.1995); *In re Evans,* 155 B.R. 234 (Bankr.N.D.Ok.1993); *In re Raihl,* 152 B.R. 615 (9th Cir. BAP 1993); *In re Anderson,* 149 B.R. 591 (9th Cir. BAP 1993); *In re Perkins,* 134 B.R. 408 (Bankr. E.D.Cal.1991).

It is firmly established in case law that a "federal tax lien attaches to a then existing right to receive property in the future." *Wessel v. United States of America (In re Wessel),* 161 B.R. 155 (Bankr.D.S.C.1993).

Additionally, Rev.Rul. 55–210 as quoted in the *Wessel* case states,

Where a taxpayer has an unqualified or fixed right, under a trust or contract, or through a chose in action, to receive periodic payments or distributions of property, a Federal Lien attaches to the taxpayer's entire right, and a notice of levy based upon such lien is effective to reach, in addition to payments or distributions then due, any subsequent payments or distributions that will become due thereafter, at the time such payments or distributions become due. The federal tax liens attached to Debtor's right to receive his pension payments prior to his filing his bankruptcy petition; therefore, the liens continue to attach to his right to receive the pension payments.

*Wesche* at 77–78.

Debtor's pension rights were fully vested at the time the IRS filed its liens, therefore, the IRS liens attached to all of the Debtor's rights to receive future pension payments.

■ The Debtor next asserts that the IRS's Claim erroneously lists a secured claim for the years 1984 through 1988 because the Debtor received a discharge of those tax obligations in his prior Chapter 7 case.

■ Discharge of the Debtor's tax liability for the years 1984 through 1988 does not invalidate the federal tax liens which attached to the Debtor's property when filed. *In re Hanson,* 132 B.R. 406 (Bankr.E.D.Mo. 1991); *In re Leslie,* 103 B.R. 775 (Bankr. S.D.W.V.1989). "[V]alid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." *Estate of Lellock v. Prudential Ins. Co. of America,* 811 F.2d 186, 189 (3d Cir.1987).

■ In his Amended Complaint, Debtor opposes the IRS's claim for tax years 1993, 1994 and 1995 on the basis that "[t]he alleged debts have no foundation in law and have been improperly imposed on [Debtor]."

■ The claims for 1993, 1994 and 1995 are based on income as reflected on the Debtor's income tax returns or based on estimates where the Debtor has failed to file a return. The federal government has the

power to tax the income of all United States citizens. *In re Rosemiller*, 188 B.R. 129, 139 (Bankr.D.N.J.1995) *citing United States v. Connor*, 898 F.2d 942, 943–44 (3d Cir.1990) *cert. denied* 497 U.S. 1029, 110 S.Ct. 3284, 111 L.Ed.2d 793 (1990); *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir.1991) *cert. denied* 502 U.S. 1060, 112 S.Ct. 940, 117 L.Ed.2d 110 (1992).

The IRS has provided copies of the Debtor's 1994 and 1995 income tax returns. On each return, the Debtor reflects his income as $62,088 from a disability benefit. The Debtor notes on his 1994 return "Disability Benefit Exempt Per 26 CFR 1.104–1, 26 CFR 1.105–1, and 1 CFR 1.21.40, U.S. Supreme Court Decision 361 U.S. 431" and thus shows a tax liability of $0. On his 1995 return, the Debtor makes a similar notation, "This Disability Benefit is Not Liable for this Income Tax. See: 44 USC 1505 and 1510; Also See 1 CFR 1.1 thru 1 CFR 227.22, CFR 1.104 and 1.105 both lack Legislative Authority to impose Liability. See: Supreme Court decision, *US v. Mersky* (361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423)."

Only the references to 26 CFR § 1.104–1 and § 1.105–1 are directly relevant to personal income tax. Section 104 of the Internal Revenue Code, 26 U.S.C. § 104, excludes compensation received for personal injury or sickness pursuant to state workmen's compensation acts or a taxpayer's accident or health insurance. 26 U.S.C. § 104(a)(1), (3); 26 CFR § 1.104–1. Conversely, compensation received pursuant to an accident or health plan paid for by a taxpayer's employer is taxable. 26 U.S.C. § 105(a); 26 CFR § 1–105.1.

Debtor received the amounts that he included on his tax returns pursuant to a Pilots Disability Insurance Policy ("Policy") issued to United Air Lines, Inc.[1] When Debtor began receiving payments under the Policy, he was informed by airline personnel that his disability benefit was fully taxable. *In re Fuller*, 189 B.R. 352, 353 (Bankr.W.D.Pa. 1995). The Policy premiums were paid by United Airlines and the Policy specifically states that it "is not to be construed as satisfying any requirement for coverage for Workers' Compensation insurance."

The Debtor's reference to *U.S. v. Mersky*, 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960) makes little sense. *Mersky* involved an alleged violation of the Tariff Act of 1930, 19 U.S.C. § 1304 and the implementary regulations adopted by the Secretary of the Treasury. The issue in *Mersky* was whether a substantive Federal Regulation was legally binding. The Court concluded that the intent of the regulation was not "manifested in a manner sufficiently clear and unambiguous to justify a criminal prosecution." *Id.* at 433, 80 S.Ct. at 461. *Mersky* did not address publication requirements of Treasury Department orders or other internal delegations of authority. *In re Schibilsky*, 185 B.R. 81, 83 (Bankr.N.D.Ga.1995). Likewise, Debtor's references to 1 CFR 1.21.40, 1 CFR 1.1 thru 1 CFR 22.7, and 44 U.S.C. §§ 1505 and 1510 are meaningless. Those references refer to the nature of documents which are to be published in the *Federal Register* and the *Code of Federal Regulations.* Internal Revenue Code § 105 and the accompanying regulations are clear. Debtor's disability income is taxable. Arguments that the IRS has failed to meet its publication requirements or failed to comply with its internal operating procedures are without merit. These arguments have been classified as meritless, tax protester arguments:

> To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they

---

1. The IRS has attached a copy of the policy to the UNITED STATES SUPPLEMENTAL SUB-

MISSION.

have not been published in the Federal Register.

*Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir.1990). *See also In re Schibilsky,* 185 B.R. 81 (Bankr.N.D.Ga.1995); *In re Harrison,* 177 B.R. 564 (Bankr.S.D.Oh.1994).

The Debtor's arguments concerning his 1993, 1994 and 1995 tax liabilities are without merit.

The IRS is a secured creditor to the extent of the present value of the Debtor's right to lifetime pension benefits. *See In re Wesche,* 193 B.R. 76 (Bankr.M.D.Fl.1996). The Debtor has not disputed that the present value of the future stream of pension payments is sufficient to secure the full amount of the IRS's secured claim.

For all of the above reasons, we find that the Debtor's Complaint is without merit and must be dismissed.

The IRS further asks that the case be dismissed for a lack of good faith. The Debtor is entitled to challenge the IRS's collection attempts which he may reasonably believe to be defective. Although it may not be possible due to the magnitude of the IRS claim, we will afford the Debtor an opportunity to propose a further Amended Chapter 13 Plan which provides for the Claim of the IRS and which otherwise meets the requirements of the Bankruptcy Code.