**In re Harden ROBINSON, Debtor.**

**Harden ROBINSON, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 83–01087–R.**
**Adv. No. 83–0340–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

April 30, 1984.

James R. Sheeran, Richmond, Va., for plaintiff.

Sarah Hunt, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the filing of an objection to claim and complaint to determine validity of lien by the debtor. After a stipulation of facts, the Internal Revenue Service and the debtor submitted the matter to the Court on briefs. After considering the issues raised by the parties, and their respective arguments in support of their positions, this Court renders the following opinion.

## STATEMENT OF FACTS

The debtor, Harden Robinson, filed a Chapter 13 petition pursuant to the Bankruptcy Code on July 12, 1983. At the time the debtor filed his petition he was indebted to the Internal Revenue Service (I.R.S.) for delinquent income taxes, interest and penalties assessed for the years 1974 through 1982. On August 12, 1982, a Notice of Federal Tax Lien with respect to the debtor's unpaid liabilities for the years 1974 through 1981 was filed in the Clerk's Office of the Circuit Court of Petersburg, Virginia, and on June 22, 1983, the Notice of Federal Tax Lien with respect to the debtor's 1982 income tax liability was also filed in the Clerk's Office of the Circuit Court of Petersburg, Virginia.

The debtor is married and with his wife Inez M.J. Robinson, owns real property in the City of Petersburg at 512 St. Matthew Street. The real property is owned by the debtor with his wife as tenants by the entirety with full right of survivorship at common law. The debtor's wife has timely filed her tax returns for all the years in question here and, therefore, is not indebted to the Internal Revenue Service. Moreover, the debtor's wife has not filed a petition in bankruptcy. The debtor is retired from the United States Army and receives retirement income monthly.

On August 17, 1983, the I.R.S. filed its proof of claim in the amount of $55,265.86. The I.R.S. does not claim a priority as to any of the amount of the delinquent taxes, but does assert that its claim is a secured one. The basis of the I.R.S.'s alleged secured claim is the two Notices of Federal Tax Lien filed in the Clerk's Office of the City of Petersburg, Virginia. It is to that proof of claim that the debtor objects.

## CONCLUSIONS OF LAW

A lien in favor of the United States for unpaid taxes, interest and penalties arises on demand upon all real and personal property belonging to a taxpayer (debtor herein). 26 U.S.C. § 6321. The lien is perfected under state law by filing of a notice of a tax lien in the circuit court for the jurisdiction in which the taxpayer resides. 26 U.S.C. § 6323(f)(1). The lien remains in effect until the taxes are paid. 26 U.S.C. § 6322. The issue before this Court is whether and to what extent the I.R.S. has a lien on the debtor's real property owned as tenants by the entirety and on the debtor's military retirement pay.

The I.R.S. has conceded in its memorandum filed with this Court that its claims against the debtor are not secured by the real estate held by the debtor and his wife as tenants by the entirety.[1] Therefore, the

---

1. *See* Defendant's Memorandum in Opposition to Debtor's Memorandum in Support of Objection to Claim at 1.

**49**

only issue now before the Court is whether the I.R.S. has a claim which is secured by the debtor's military retirement income, and if the I.R.S.'s claim is so secured, the extent of such security.

■ In Chapter 13 proceedings property of the estate includes earnings from services performed by an individual debtor after the commencement of the case. 11 U.S.C. §§ 541(a)(6) and 1306(a)(2). The instant matter (a Chapter 13 proceeding) is distinguishable from *In re Haynes*, 679 F.2d 718 (7th Cir.1982) (where the court held that military retirement was not property of the estate in a Chapter 7 proceeding) and, therefore, the debtor's military pension is *included* as property of the estate and subject to the perfected lien of the I.R.S. The debtor does not seriously contest this conclusion.[2]

The only issue which seems to be seriously in dispute between the parties is the extent of the I.R.S. lien on the debtor's military retirement income and, therefore, the amount of the secured portion of the I.R.S. claim. The debtor argues that the I.R.S. can only have a secured claim at most to the extent of the present value of the retirement payments for the period of the debtor's Chapter 13 plan. The I.R.S., however, argues that the debtor had a vested interest in his military retirement as of the date of the petition to which the federal tax lien has attached and, therefore, that the I.R.S. has a secured claim as to the present value of the military retirement including future payments as well as payment during the life of the plan.

■ Pursuant to 11 U.S.C. § 506, an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditor's lien. Consequently, it appears that the I.R.S. has a lien on the debtor's military retirement not measured by the life of the plan but rather, to the extent of the present value of that retirement. The debtor has cited no authority demonstrating that something less

than the present value of the military retirement is covered by the I.R.S. lien. Therefore, this Court holds that the I.R.S. has a secured claim to the extent of the present value of the debtor's military retirement; and that to the extent the I.R.S. proof of claim exceeds the present value of the debtor's military retirement, the I.R.S. has an unsecured claim.

An appropriate Order will issue.

---

**2.** *See* Debtor's Memorandum in Support of Objection to Claim, at 2 & 3.