**In re Charles J. COOK and Margaret A. Cook.**

**Bankruptcy No. 92–42160S.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

Feb. 2, 1993.

Tamara Fine–Trail, Washington, DC, for the U.S., Tax Div., U.S. Dept. of Justice.

Andrew Clark, Little Rock, AR, for debtors.

Debra A. Green, Asst. Atty. Gen., Austin, TX, for the U.S.

James F. Dowden, Little Rock, AR.

A.L. Tenney, Chapter 13 Trustee.

### ORDER OVERRULING OBJECTION TO PROOF OF CLAIM

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Objection to Claim filed by the debtors on November 5, 1992. The debtors assert that the United States claim for Internal Revenue taxes is unsecured, rather than secured as stated in the United States proof of claim. This assertion is based upon two separate contentions. First debtor argues that since the debtor's property is exempt, the claim must be treated as unsecured. Secondly, the debtors assert that the right to receive a pension is only a right to receive property in the future such

that the claim is unsecured. The facts are not in dispute and have been stipulated as follows:

"1. Debtors filed their Chapter 13 petition on September 2, 1992.

"2. Debtors chose federal rather than state exemptions in completing their Chapter 13 petition and accompanying schedules.

"3. The Internal Revenue Service filed its proof of claim on October 5, 1992, setting forth a secured claim of $38,754.56, representing unpaid individual federal income taxes for the 1987, 1988, 1989, and 1990 tax years. The secured status of this claim is based upon a Notice of Federal Tax Lien filed by the Internal Revenue Service on May 18, 1992.

■ "4. The Federal Tax Lien attaches to all the property of the debtors, including exempt property. *See, e.g., In re Thompson,* 750 F.2d 628 (8th Cir.1984); *In re Isom,* 95 B.R. 148 (9th Cir.1988); *In re Meyers,* 2 B.R. 603 (E.D.Mich.1980).

"5. One of the assets listed on Schedule B, Personal Property, is a pension administered by the Texas Teacher Retirement System. This pension is listed as having a value of $50,000 on the Schedule B filed by the debtors.

"6. Debtors recently filed an amendment to their Schedule C, Property Claimed Exempt. This amendment, to which the United States has filed an objection, lists the monthly pension payments received by debtors as exempt and reduces to $0 the value of the debt owed to Charles's ex-wife, Bettylu Cook. This proposed amended Schedule C does not list the pension corpus as exempt.

"7. Under the TRS public retirement statute, the pensioner cannot assign his pension fund prior to distribution. This same restriction does not apply to pension funds, however, once they are distributed to a pensioner.

"8. Under the TRS public retirement legislation, at the time a pensioner files for his retirement benefits, he can choose to withdraw his own contribution from the system, choose a standard pension, or choose a number of other options. Charles J. Cook chose to draw an option three pension in 1987, which choice became irrevocable 45 days after the retirement effective date.

"9. This pension is the subject of an adversary proceeding between the Debtors, TRS and Charles J. Cook's previous wife, Bettylu Cook. In that Adversary Proceeding Bettylu Cook and the Texas Teachers Retirement System and the State of Texas claim that a portion of the pension claimed as an asset by Charles Cook was awarded to Bettylu Cook as her separate property in the division of marital assets which took place when Charles Cook and Bettylu Cook divorced. This claim arises from Orders of the Wilbarger County, Texas, District Court dated July 18, 1988, July 31, 1989, and January 2, 1992.

"10. Currently debtors receive only $1,364.00 each month from TRS, rather than $2,365.00 (adjusted by amounts paid for TRS sponsored health insurance) as listed on their Schedule I. The remainder of the $2,364.00 payment listed on debtor's Schedule I is being withheld by TRS pending its determination that the prior Wilbarger County District Court orders are "qualified domestic relations order" as required by the TRS statutory codification. A determination that the prior orders by the Wilbarher [sic] County District Court are "qualified domestic relations order" would allow the $1,000 to be paid directly to Bettylu Cook."

The first assertion of the debtors, that exemption of assets renders the IRS unsecured, is withdrawn by the debtors' recognition in the stipulation that a United States lien for Internal Revenue taxes, notice of which is properly filed, attaches to exempt property. *See In re Perkins,* 134 B.R. 408, 411 (Bankr.E.D.Cal.1991); *In re Lyons,* 148 B.R. 88 (Bankr.D.D.C.1992).

The debtors' second assertion is that the tax lien does not attach to the particular property—Charles Cook's retirement benefits. Debtors argue that the lien cannot attach to a right to receive property in the future. This is legally erroneous and

based upon a mischaracterization of rights, rather than any legal concept. Indeed, debtors have presented no authority, evidence, or even argument in support of this assertion.

█ Upon assessment of a tax, a federal tax lien arises and attaches to all property and rights to property of the taxpayer. 26 U.S.C. § 6321; *United States v. Trigg,* 465 F.2d 1264 (8th Cir.1972), *cert. denied,* 410 U.S. 909, 93 S.Ct. 963, 35 L.Ed.2d 270 (1973); *In re Gran,* 131 B.R. 843, 845 (E.D.Ark.1991), *aff'd,* 964 F.2d 822 (8th Cir. 1992). Thus, after assessment, the United States had a lien on all property and rights to property of the debtors upon assessment of the taxes against them.[1] The language of the statute "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. National Bank of Commerce,* 472 U.S. 713, 720–21, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1984). Thus, Charles Cook has a present right to receive payments in the future, which is a "right to property" to which the tax lien attaches. *See In re Perkins,* 134 B.R. 408 (Bankr. E.D.Cal.1991); *In re Hall,* 118 B.R. 671 (Bankr.S.D.Ind.1990); *Robinson v. United States (In re Robinson),* 39 B.R. 47 (Bankr. E.D.Va.1984). The right to future benefits exists in the present, and, most importantly, existed on the date of the filing of the petition in bankruptcy.[2] Accordingly, the federal tax lien attached to all of Cook's rights in the pension benefits, including the right to future payments. *See Robinson v. United States (In re Robinson),* 39 B.R. 47 (Bankr.E.D.Va.1984). The United States, thus, is secured to the extent of the present value of Cook's retirement benefits. *Id.*

The question that next arises is whether the value of the benefits are sufficiently great to fully secure the federal tax debt. Generally, the evidence of the present value of an income stream is easily ascertained by an actuarial expert. No such evidence was presented in this case, however, because the parties stipulated that the schedules value Cook's pension benefits at $50,000.[3] Thus, for purposes of this contested matter, the value of the pension benefits is $50,000. The United States proof of claim for internal revenue taxes states an uncontested amount of under $40,000. Accordingly, the United States properly claims the debt for federal taxes is fully secured.

ORDERED that the Objection to Claim filed by the debtors on November 5, 1992, is OVERRULED.

IT IS SO ORDERED.

---

**1.** While it is unclear from the evidence presented in this contested matter, it appears that the vast majority of the federal tax debts are owed by Charles Cook only, not jointly with his current wife, Margaret Cook. This fact, however, has no impact upon the Court's decision that the United States has a secured claim.

**2.** There is no question that the benefits are property of the estate as of the date the petition was filed. *See* 11 U.S.C. § 541(a); *In re Hall,* 118 B.R. 671 (Bankr.S.D.Ind.1990); *In re Lyons,* 148 B.R. 88 (Bankr.D.D.C.1992).

**3.** That the debtors subsequently amended the schedules to claim a particular debt has a value of $0 and to claim the pension benefits as exempt is of no import to this determination since the lien attaches to exempt property. If the debtors are attempting to assert that the value of the pension itself was zero at the time the Chapter 13 petition was filed, such an assertion appears to be frivolous.