Clifford B. **RISLEY**, et al., Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

No. 94–C–808–K.

United States District Court,
N.D. Oklahoma.

April 25, 1995.

---

Catherine J. Depew Hart, U.S. Atty., Tulsa, OK, Phyllis J. Gervasio, U.S. Dept. of Justice, Tax Div., Washington, DC, *for* U.S.

T.H. Wagenblast, Tulsa, OK, for Clifford B. Risley, Christine Risley.

Lonnie D. Eck, Tulsa, OK, pro se.

## *ORDER*

KERN, District Judge.

The Internal Revenue Service is appealing a decision by the United States Bankruptcy Court For the Northern District of Oklahoma pursuant to 28 U.S.C. § 158(a). The Bankruptcy Court reduced the IRS's secured claim by $784, which prompted the instant appeal. For the reasons given below, the Court reverses the Bankruptcy Court's decision.

The pertinent facts are summarized as follows: Debtors Clifford and Christine Risley ("Debtors") filed Chapter 13 bankruptcy on April 28, 1994. On May 31, 1994, the Internal Revenue Service ("IRS") filed an amended proof of claim for $17,140.28. In the claim, the IRS contended that $15,274 of the claim was secured and $1,866.28 was not secured. On June 10, 1994, Debtors objected to the IRS claim. They did not object to the *amount* of the claim—only how much of it should be secured.[1] Debtors claimed that only $12,529 was secured and the rest of the $17,140.28 should be an unsecured claim.[2] After considering both sides' arguments, the Bankruptcy Court reduced the IRS's secured claim from $15,274 to $14,490. The $784 reduction was what the Bankruptcy Court found, under 26 U.S.C. § 6334, to be exempt from levy. That statute exempts certain specified personal property from levy. However, the IRS argued that the exemption from levy does not prevent the imposition of a federal tax lien. Two courts of appeals have addressed the issue, and both have agreed with the government's position. *United States v. Barbier*, 896 F.2d 377 (9th Cir.1990); *Matter of Voelker*, 42 F.3d 1050 (7th Cir.1994). The bankruptcy court below stated it was following the *Barbier* rationale, but found another purported distinction. The Bankruptcy Court wrote:

**The inquiry into the value of the IRS's secured claim does not end with the Court's finding that its lien attaches to property which is exempt from levy. Pursuant to § 506(a) of the Bankruptcy Code, the amount of an allowed secured claim is equal to the amount of the creditors' interest in the debtor's property ... Here the IRS's interest in Debtors' property which is exempt from levy is zero. It has no value to the IRS because the IRS cannot levy against it and hence cannot realize any value from the property. The Court notes that § 506(a) provides that property should be valued in light of its proposed use and disposition. The property at issue in this case is designed for personal consumption rather than disposition and is**

---

1. As the Bankruptcy Court noted, a chapter 13 debtor must satisfy the full amount of a secured claim.

2. The figures used here are the ones cited by the Bankruptcy Judge in his August 19, 1994 *Memorandum Opinion*.

**of little value even if sold.** *Memorandum Opinion, page 5.*[3]

The IRS then appealed the Bankruptcy Court's decision to this Court—albeit over $784.[4] It argues that the Bankruptcy Court should not have reduced the secured claim under the facts of the case under Section 506(a) of the Bankruptcy Code.[5] Instead, the IRS contends that, while the $784 is exempt from levy, the property is not exempt from an IRS lien.

Neither the Bankruptcy Court nor Debtors offer any case authority for such a reduction under Section 506(a). The assumption upon which it is based is the faulty one that the personal property will retain the same form and never be converted to cash. As the *Barbier* court noted: "A lien enables the taxpayer to maintain possession of protected property while allowing the government to preserve its claim should the status of property later change. If, for instance, the debtor later sells his exempt personal property for cash, the IRS would be entitled to obtain such proceeds." 896 F.2d at 379. The bankruptcy court's surmise that the personal property would be of "little value" even if sold does not permit a court to alter the statutory law.

Therefore, the Court **REVERSES** the decision of the Bankruptcy Court. The IRS is granted secured status to the extent of $15,274.00 and unsecured status to the extent of $1,866.28.

SO ORDERED.

---

3. The $784 of property was classified as follows: Wages, $100; Household Goods, $400; Books and Pictures, $100; Clothing, $50; Gun, $50; Tools, $40; Goat, $12; Nine Rabbits, $20; 12 Chickens $12.

4. Little question exists that the time spent on this appeal by both counsel is more costly than $784. However, counsel for the IRS maintains that the agency is concerned about any precedent that might be set by the Bankruptcy Court's decision.

5. Section 506(a) reads, in part: "An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting creditor's interest."