**In re Larry WESCHE, Debtor.**

**Bankruptcy No. 95–1224–BKC–3F3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 13, 1996.

Anne Payne, Jacksonville, Florida, for Debtor.

Bruce T. Russell, Washington, DC, for I.R.S.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon Debtor's Objection to Claim Number 1 of the Internal Revenue Service. A response was filed by the IRS and a hearing was held on the Objection on November 8, 1995. Based upon the evidence presented the Court makes the following Findings of Fact and Conclusions of Law.

The Debtor is a retired federal employee. He draws a Civil Service Retirement System pension (hereinafter "CSRS"). His right to receive benefit payments under that pension is vested. He currently receives benefit payments totaling $2,156.00 per month. The

pension benefit payments will terminate upon his death, and they are not assignable to a third party.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 21, 1993, and he subsequently received a discharge on March 31, 1994. The Debtor then filed the present Chapter 13 case on March 20, 1995. The only creditor in this Chapter 13 is the United States of America on behalf of the IRS who filed a claim in the amount of $101,339.92. $96,-528.92 of that amount is a secured claim and $4,811.00 is a priority claim. The claim is based upon assessed and unpaid federal income tax liabilities for tax years 1983 through 1990. Pre-petition Notices of Federal Tax Liens were properly filed in Clay County, Florida on the dates listed on the proof of claim.

The Debtor has objected to the IRS claim "to the extent it purports to be secured to any greater extent than one month's federal retirement benefit." The Debtor's Objection further reads:

> In support of this Objection, debtor would show that federal retirment (*sic*) benefits have no vested value in that they do not continue after the retiree's death or have any lump sum or surrender value; the only ascertainable value of the benefit as of the date of the filing was the value of the monthly benefit.

The Debtor's bankruptcy schedules describe the Debtor's federal pension and personal property as exempt property on Schedule C. The Debtor's Chapter 13 Plan, which has not yet been confirmed, provides for a three-year payment to the IRS, the only creditor. At the hearing, Debtor's counsel suggested that the Debtor's health was infirm, but offered no evidence to show he suffered from a terminal illness or any other medical condition.

At the hearing, Cleveland Parker, an IRS employee benefits specialist, testified that the present value of the CSRS pension under which the Debtor is currently receiving benefit payments could be valued as of the date of the Chapter 13 petition. The IRS introduced into evidence an Annuity Valuation which gives the present actuarial value of the Debtor's pension as of the petition filing date.

Given the Debtor's date of birth on December 19, 1934, the Debtor's life expectancy as determined from generally accepted actuarial tables, an interest rate assumption of 8% and the Debtor's current monthly benefit payments of $2,156.00, the IRS determined that the present value of the Debtor's vested pension benefits as of the petition date was $258,565.00. Debtor offered no rebuttal evidence on the valuation issue.

Mr. Parker further testified that the benefits the Debtor draws are payable for his lifetime only and cannot be reduced to a lump sum or in any way be withdrawn in advance of being accrued by passage of time. Should the Debtor die next week, Mr. Parker indicated that neither the Debtor's personal or bankruptcy estates would receive anything on account of his participation in the federal retirement program.

## CONCLUSIONS OF LAW

A lien in favor of the United States for unpaid taxes, interest and penalties arises on demand upon all real and personal property belonging to a taxpayer. 26 U.S.C. § 6321. The lien is perfected under state law by filing of a notice of a tax lien in circuit court for the jurisdiction in which the taxpayer resides. 26 U.S.C. § 6323(f)(1). The lien remains in effect until the taxes are paid. 26 U.S.C. § 6322. *Robinson v. United States of America (In re Robinson)*, 39 B.R. 47 (Bankr. E.D.Va.1984). The IRS complied with each of these provisions in the instant case by filing its notice of lien in the Clay County circuit court.

■ It is not in dispute that the federal tax lien attached to Debtor's pension. It is firmly established in case law that a "federal tax lien attaches to a then existing right to receive property in the future." *Wessel v. United States of America (In re Wessel)*, 161 B.R. 155 (Bankr.D.S.C.1993). Additionally, Rev.Rul. 55–210 as quoted in the *Wessel* case states,

> Where a taxpayer has an unqualified or fixed right, under a trust or contract, or through a chose in action, to receive periodic payments or distributions of property, a Federal Lien attaches to the taxpayer's

entire right, and a notice of levy based upon such lien is effective to reach, in addition to payments or distributions then due, any subsequent payments or distributions that will become due thereafter, at the time such payments or distributions become due.

The federal tax liens attached to Debtor's right to receive his pension payments prior to his filing his bankruptcy petition; therefore, the liens continue to attach to his right to receive the pension payments. Debtor does not dispute that. The issue of disagreement between Debtor and the IRS, is the extent of the lien on the pension payments, and hence, the amount of the secured claim of the IRS under 11 U.S.C. § 506. Valuation is the basic issue in this case. Debtor claims that the IRS lien is not secured to any greater extent than the value of one month's federal retirement payment, or in other words, $2,156. The IRS, on the other hand, claims a secured claim of lien on the Debtor's right to lifetime pension benefits. This is the issue before the Court.

Debtor's counsel in her proposed Findings of Fact and Conclusions of Law submitted to the Court does not cite any statutory or case law at all in support of her argument that the IRS lien is only secured by one month's pension payment. She argues that the value of the pension to the Debtor at any given time is only equal to the benefit he is entitled to receive for that month. Debtor's counsel points out that the plan does not create any lump sum fund from which the Debtor could draw more than just the one month's benefit, and that the benefits terminate upon the death of Debtor. If Debtor were to die tomorrow, the bankruptcy estate would receive no distribution from the pension plan. This is the basis for Debtor's argument that the value of the IRS lien is limited to one month's benefit payment.

■ However, the reported case law on this issue is to the contrary. The earliest reported case the Court could discover is the factually similar case of *Robinson v. United States (In re Robinson)*, 39 B.R. 47 (Bankr. E.D.Va.1984) in which a Debtor objected to an IRS tax lien on his military pension. The issue in *Robinson* was also one of valuation.

The Debtor argued not that the value of the lien was limited to one month's military pension payment, but instead that the lien was limited to the extent of pension payments received over the life of his Chapter 13 plan. The Court discounted that argument, and instead ruled that the value of the IRS lien was equal to the present actuarial value of the pension payments Debtor would expect to receive over his lifetime.

Similarly, in the case of *In re Perkins*, 134 B.R. 408 (Bankr.E.D.Cal.1991) a Chapter 13 debtor objected to an IRS claim on his pension. In that case, the court stated,

> Courts addressing the issue of valuation of pensions or debtor's rights to pensions have not hesitated to assign positive present values notwithstanding that payments are available only upon satisfaction of contingencies. . . . Although not setting down a formula for determining present value, these cases firmly establish that vested pension rights to future periodic payments for life are to be assigned a present value according to the actuarial value of the stream of payments. *Perkins* at 412.

The court followed these cases and ruled that the IRS claim was secured by the present value of the debtor's right to lifetime pension benefits. The court cited the *Robinson* case in making its decision.

In the case of *In re Lyons*, 148 B.R. 88 (Bankr.D.C.1992), the debtors also objected to the proof of claim filed by the IRS which consisted of a lien on the debtors' retirement plan. The court first made the determination that the retirement plan was property of the bankruptcy estate under § 541. The court then went on to hold that the IRS had a valid lien on the future periodic payments of the retirement plan and stated, "As in *Robinson*, 39 B.R. at 49, that value is fixed at the present value of the future stream of payments to be received." *Lyons* at 94.

Yet again in the case *In re Cook*, 150 B.R. 439 (Bankr.E.D.Ark.1993), the Chapter 13 debtors objected to the IRS claim of lien for unpaid federal income taxes. The debtors in this case apparently made a similar argument to that of Mr. Wesche in the instant case because the court stated that,

> Debtors argue that the [IRS] lien cannot attach to a right to receive property in the

future. This is legally erroneous and based upon a mischaracterization of rights, rather than any legal concept. Indeed, debtors have presented no authority, evidence, or even argument in support of this assertion.... Charles Cook has a present right to receive payments in the future, which is a 'right to property' to which the tax lien attaches. [Citations omitted.] The right to future benefits exists in the present, and, most importantly, existed on the date of the filing of the petition in bankruptcy. Accordingly, the federal tax lien attached to all of Cook's rights in the pension benefits, including the right to future payments. [Citing, *Robinson, supra.*] The United States, thus, is secured to the extent of the present value of Cook's retirement benefits. *Cook, supra* at 441.

The court went on to determine the present actuarial value of the future retirement plan benefits which determined the value of the IRS claim.

Further, in the case of *Wessel v. United States (In re Wessel),* 161 B.R. 155 (Bankr. D.S.C.1993) the debtor made the argument that the IRS lien for unpaid taxes did not attach to his post-petition annuity payments. The court did not follow that argument stating that debtor had had a fixed right to receive the annuity payments prior to filing bankruptcy, and that there was nothing else he had to do in order to receive the payments. The debtor attempted to argue that his staying alive was a condition precedent to receiving the payments. The court refused to follow that reasoning, saying that being alive was not a condition precedent to acquiring the property right in the annuity; the right had already been acquired at the time of the petition filing. Instead, the debtor's death was a condition subsequent to the acquisition of the payments. "... [D]eath terminates this previously created property right in the annuity." *Wessel* at 159. The court held that the tax liens validly attached to post-petition annuity payments because the debtor had a completely fixed right in the annuity payments as of the time that the tax liens arose.

All of these cases are contrary to Debtor's argument that the IRS only has a lien on the amount of one month's pension payment, not the post-petition future payments. In its research, the Court did not discover any cases that did support Debtor's argument. The case law seems clear cut. IRS tax liens do attach to post-petition pension payments and are valued at the present actuarial value of the debtor's future stream of payments. This is not a case in which there are two or more lines of cases where the Court could choose to follow the majority or minority rule. There is no other rule than that detailed in the above cases. The Court will follow the reasoning in the previously cited cases, and hold that the IRS lien does attach to Mr. Wesche's post-petition pension payments. The IRS claim is valued as the present value of the future payments over Debtor's lifetime. The IRS introduced into evidence the opinion of an actuarial expert, valuing Debtor's pension as of the petition filing date of March 20, 1995 at $285,565. The Debtor offered no evidence to the contrary. The Court concludes that the present value of the Debtor's pension, as of the date the petition was filed, is $285,565, and that the IRS secured claim is $96,528.92. The Debtor did not contest the priority claim of $4,811.00.

A separate final order will be entered in accordance with the foregoing.