**In re Oma (Bronc) K. MAY, Social Security No. 457–78–9931**

**and**

**Dale S. May, Social Security No. 449–11–9621, Debtors.**

**Bankruptcy No. 95–40397.**

United States Bankruptcy Court,
D. South Dakota,
Southern Division.

March 22, 1996.

Kyle L. Engel, Sioux Falls, SD, for Debtor.

Rick A. Yarnall, Chapter 13 Trustee, Sioux Falls, SD.

Craig P. Gaumer, Assistant U.S. Attorney, Sioux Falls, SD, for I.R.S.

### MEMORANDUM OF DECISION RE: CONFIRMATION OF PLAN DATED SEPTEMBER 13, 1995

IRVIN N. HOYT, Chief Judge.

The matter before the Court is the confirmation of Debtors' plan dated September 13, 1995 and the objections thereto. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Memorandum and accompanying Order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, the Court concludes that Debtors' plan dated September 13, 1995 may not be confirmed.

### I.

Debtors filed a Chapter 13 petition on July 14, 1995. They filed and served a debt adjustment plan on September 19, 1995. The plan acknowledged that the Internal Revenue Service (IRS) had a claim of $73,526.09 and stated it was secured to the value of Debtors' non exempt assets of $13,780.00. Debtors proposed to pay the IRS $14,051.32 over three years with ten percent interest.

The IRS filed proofs of claims on September 12, 1995, October 6, 1995, and October 13, 1995. Based on the most recent proof, the IRS says it is owed $44,694.77 on its unsecured claim and $28,831.32 on its secured claim for a total claim of $73,526.09. The IRS does not make a priority claim.

The IRS filed an objection to confirmation on October 19, 1995.[1] It argued that its secured claim of $28,831.32 had to be paid in full over the life of the plan pursuant to 11

---

1. Trustee Rick A. Yarnall also filed objections to Debtors' plan. They have been resolved.

U.S.C. §§ 506(b) and 1325(a). The IRS relied on *United States v. Barbier (In re Barbier)*, 896 F.2d 377 (9th Cir.1990), for the proposition that the full secured value has to be paid over the life of the Chapter 13 plan, not just the value secured by non exempt assets.

Debtors filed a response to the objection. They argued that property exempt under South Dakota law should not be included in the IRS's secured claim for the purpose of plan treatment.

A confirmation hearing was held November 16, 1995. Appearances included Kyle L. Engel for Debtors, Trustee Rick A. Yarnall, and Assistant U.S. Attorney Bonnie P. Ulrich for the IRS. The Court received the arguments of counsel and directed them to consider whether Debtors' plan complied with *In re Lassiter*, 104 B.R. 119 (Bankr.S.D.Ia. 1989). The hearing was continued to December 12, 1995 and again to January 17, 1996 to allow Debtors to settle the objections of the IRS.

A continued confirmation hearing was held January 17, 1996. Appearances included Attorney Engel for Debtors, Trustee Yarnall, and Assistant U.S. Attorney Craig P. Gaumer for the IRS. The IRS again urged the Court to adopt the reasoning set forth in *Barbier*, rather than the reasoning in *Lassiter*. The IRS argued that only *Barbier* correctly considered the impact of 26 U.S.C. § 6334(c) in determining the value of the IRS's secured claim that had to be paid in full over the life of the plan. Debtors acknowledged that the IRS would retain its lien on exempt property regardless of whether the value of the exempt property were included in the IRS's secured claim under the plan and that they would have to satisfy the lien on exempt property outside of bankruptcy if the lien were not satisfied fully through the Chapter 13 plan. The Court took the matter under advisement.

## II.

 *Exempt Property.* A debtor may exempt certain property from the estate. 11 U.S.C. § 522(b). A debtor's entitlement to exemptions and the value of exempt property generally is determined on the petition date.

*See Armstrong v. Peterson (In re Armstrong)*, 897 F.2d 935 (8th Cir.1990) (debtor's post-petition death did not result in reversion of exempt property to estate); *Armstrong v. Harris (In re Harris)*, 886 F.2d 1011 (8th Cir.1989). The exempt property "is not liable during or after the case for any debt ... that arose ... before the commencement of the case, except ... a debt secured by a lien that is ... a tax lien, notice of which has been properly filed[.]" 11 U.S.C. § 522(c)(2)(B). If relief from the automatic stay is granted or after the bankruptcy case is completed, the tax lien holder may collect the delinquent tax from the exempt property. *In re Wright*, 156 B.R. 549, 554–55 (Bankr. N.D.Ill.1992).

 *Valuation of Secured Claim.* Under 11 U.S.C. § 1325(a)(5), the present value of each secured claim must be paid over the life of the plan, unless the creditor agrees to other treatment or the secured property is surrendered to the creditor. The amount of a secured claim is determined under § 506(a), which provides in pertinent part,

> [a]n allowed claim of a creditor secured by a lien on *property in which the estate has an interest* ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value is to be determined in light of the purpose of the valuation and of the proposed distribution or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. [Emphasis added.]

For confirmation purposes, valuation of a secured claim is at the time of confirmation. *Dewsnup v. Timm*, 502 U.S. 410, 416–18, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992); *Ahlers v. Norwest Bank Worthington (In re Ahlers)*, 794 F.2d 388, 398 (8th Cir.1986), *rev'd in part*, 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) (reversed on unrelated issue).

In *Lassiter*, the court concluded that the language of § 506(a) emphasized above limit-

ed the IRS's secured claim in a Chapter 13 plan to the value of the estate property on which it had a lien; the debtor was not required to pay through the plan the value of the IRS's lien on exempt property. *Lassiter*, 104 B.R. at 123. The court further concluded that the IRS's lien on the exempt property would survive the bankruptcy under 11 U.S.C. § 522(c)(2). *Id.*

A slightly different issue was addressed in *Barbier*. There the court considered whether the IRS's secured claim in a Chapter 13 case should be reduced by the value of property on which the IRS had a lien but on which it could not levy pursuant to 26 U.S.C. § 6334. *Barbier*, 896 F.2d at 378. The court distinguished between a lien and a levy by the IRS and stated that while the IRS could not levy on certain property, its lien nonetheless remained. *Id.* at 378–79; *see* 26 U.S.C. §§ 6321 [2] and 6334. *Id.* at 379. The court then went on to conclude that for confirmation purposes, the value of the secured claim should include the value of the property secured by the IRS's lien that was exempt from levy. *Id.* at 379–80.

The *Barbier* decision did not discuss the import of the phrase "property in which the estate has an interest" from § 506(a). Other cases that have adopted the *Barbier* rationale likewise have not discussed what constitutes "property in which the estate has an interest." *See In re Voelker*, 42 F.3d 1050 (7th Cir.1994); *Risley v. United States*, 184 B.R. 826 (N.D.Okla.1995); *United States v. Parmele*, 171 B.R. 895, 898 (N.D.Okla.1994); and *United States v. King (In re King)*, 137 B.R. 43 (D.Neb.1991).

One court that followed *Barbier* did discuss the key phrase from § 506(a). *In re*

*Perkins*, 134 B.R. 408 (Bankr.E.D.Cal.1991). The issue presented was whether the value of the debtor's contingent interest in an ERISA-qualified pension plan [3] should be included in the IRS's secured claim. *Id.* at 410. The court concluded that the present value of the contingent interest in the pension plan should be included in the IRS's secured claim. *Id.* at 411–12. With little discussion, the court stated that "interest of the estate in the property" as provided in § 506(a) was *not* the same as "property of the estate" as defined by § 541. *Id.*

> While the phrase "interest of the estate in the property" [in § 506(a) ] is not defined by statute, it is evident in this case that even if the property were not deemed "property of the estate," the bankruptcy estate has an interest in the pension which is, at the very least, sufficient to allow attachment and levy on [the debtor's] pension rights by the IRS. This interest is, therefore, properly considered in determining the value of the government's secured claim pursuant to § 506.

*Id.* The court did not identify exactly what constituted the estate's "interest in the pension."

### III.

In light of the interplay between §§ 506 and 1325(a)(5), the question of law presented is whether "property in which the estate has an interest" from § 506(a) is the same as "property of the estate" as defined by § 541(a). If the terms are synonymous, then under § 506(a) the value of a secured claim can be only the value of the estate's interest in the secured property. If the terms are not synonymous, then "property in which the

---

**2.** Section 6321 of Title 26 of the United States Code provides that the IRS shall have a lien, in the amount of taxes due, on all property of a person who neglects or refuses to pay taxes after demand. Section 6334(c) of Title 26 states that "[n]otwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." Subsection (a) of § 6334 enumerates what property is exempt from an IRS levy. The exempt property ranges from wearing apparel and school books to undelivered mail.

**3.** The *Perkins* decision was entered before the United States Supreme Court decision in *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), in which the Court held that ERISA qualified pension plans are excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2). The court in *Perkins* did not address that issue specifically. *Perkins*, 134 B.R. at 411. Instead, it presumed that even if the pension plan qualified as a spendthrift trust under state law, "such qualification would not necessarily impede the IRS's ability to enforce the government's rights" under the broad tax lien provided by 26 U.S.C. § 6321.

estate has an interest" may be broader than "property of the estate" and may include exempt or abandoned property that once was estate property. The value of a secured claim under §§ 506(a) and 1325(a)(5) then may include the value of the creditor's interest in exempt or abandoned property.

■ Upon consideration of the statutes and related case law, this Court concludes that the terms are *not* synonymous when a valuation under § 506(a) is made for the purpose of determining plan treatment under § 1325(a)(5). Therefore, the value of a creditor's secured claim under § 1325(a)(5) may include the value of the creditor's interest that is secured by estate property *and* exempt or abandoned property.

■ "Property of the estate," as defined by § 541(a), generally includes the debtor's legal or equitable interests in any property on the petition date and the proceeds, products, offspring, rents, or profits from that property. The phrase is used throughout the Code. For example, it is "property of the estate" from which a debtor chooses his exempt property. 11 U.S.C. § 522(b). It is "property of the estate" that a Chapter 7 trustee may abandon under 11 U.S.C. § 554. It is "property of the estate" that a trustee must collect and reduce to money. 11 U.S.C. § 704(1).

"Property in which the estate has an interest" is not defined by the Code. The exact phrase is used only twice in the Code and once in the Federal Rules of Bankruptcy Procedure.

In § 506(a), the phrase "property in which the estate has an interest" is used to identify what secured property can be valued. Federal Rule of Bankruptcy Procedure 3012 sets forth the procedure for valuing a secured claim under § 506 and it includes the same phrase.

The phrase "property in which the estate has an interest" also is used in § 724(b). This section directs a Chapter 7 trustee how to subordinate and distribute certain property or its proceeds in which the estate has an

interest and that is subject to an unavoidable tax lien.

Several decisions that discussed the phrase "property in which the estate has an interest" in § 506(a) did so when determining whether a Chapter 7 debtor could strip down a lien on exempt property under § 506(d). *See, e.g., Maitland v. Central Fidelity Bank (In re Maitland)*, 61 B.R. 130, 132–34 (Bankr.E.D.Va.1986). The Supreme Court's majority opinion did not discuss the language of § 506(a) at length in *Dewsnup*, which resolved the lien strip down issue in Chapter 7 cases. However, Justice Scalia opined in his dissent that the term "property in which the estate has an interest" as used in § 506(a) and "property of the estate" are not the same. *Dewsnup*, 502 U.S. at 431, 112 S.Ct. at 785.

> Section 506 automatically operates upon all property in which the estate has an interest *at the time the bankruptcy petition is filed.*

*Id.* (emphasis added). This conclusion— that the estate has an interest in property that can be valued under § 506(a) if the property was part of the estate on the petition date—operates effectively in a reorganization case although valuations for treatment of secured claims are not made on the petition date.

■ The amount and value of property on which a secured creditor has a lien may increase or decrease substantially between the petition date and confirmation. Therefore, § 1325(a)(5) appropriately requires secured claims to be valued as of the effective date of the plan.[4] The timing of the valuation insures that the creditor benefits from any post-petition increase in the value of his security. *See Dewsnup*, 502 U.S. at 416–18, 112 S.Ct. at 778. Further, Section 506(a) clearly states that valuations should be made in light of their purpose. That a bankruptcy court may value property that is no longer property of the estate to determine a creditor's secured claim under § 1325(a)(5) for plan treatment is appropriate. If the value

---

**4.** As noted above, in this Circuit, the confirmation hearing date generally is used for this valuation because it is proximate to the effective date

of the plan. *See Ahlers,* 794 F.2d at 398 (8th Cir.1986) (applying § 1225(a)(5), which is identical to § 1325(a)(5)).

of exempt or abandoned property were not included in the value of the creditor's secured claim for confirmation, then that creditor would hold a larger unsecured claim that may diminish the distribution to other unsecured creditors. The creditor's ability to recover on a valid lien on property that is no longer estate property would be disregarded. A harmonious reading of §§ 506(a) and 1325(a)(5) protects against such an unfair result. Finally, the conclusion (that the estate has an interest in property that can be valued under § 506(2) if the property was part of the estate on the petition date) also is in line with § 522(c)(2), which states exempt property is still liable for a valid tax lien "during" the case. *See also DeMarah v. United States (In re DeMarah),* 62 F.3d 1248, 1251–52 (9th Cir.1995).

With limited discussion, other courts have reached similar conclusions. *See, e.g., In re Cook,* 150 B.R. 439, 441 (Bankr.E.D.Ark. 1993) (right to future pension plan benefits that existed on petition date valued for purpose of determining secured claim); *In re Lyons,* 148 B.R. 88, 91 (Bankr.D.D.C.1992) ("For purposes of ascertaining its secured status, the estate property to which the lien attaches is determined as of the date of the filing of the petition, [cites omitted], and the property is valued as of the effective date of the plan[.]"); and *In re Krahn,* 124 B.R. 78, 81 (Bankr.D.Minn.1990) ("[T]he § 506 determination of secured status is to be made without regard to exempt status of particular property."); *see also Perkins,* 134 B.R. at 411–12.

■ Property that secured a claim against the debtor that was never a part of the bankruptcy estate, such as assets of a third party, will not, of course, be included in the creditor's secured claim for plan treatment. *See In re Mikkelsen Farms, Inc.,* 74 B.R. 280, 288 (Bankr.D.Or.1987). However, the value of a secured claim for plan treatment must recognize any payments on the claim that the creditor received outside of bankruptcy. 11 U.S.C. § 508(a).

■ This Court also must presume the Code drafters used their words with particularity and did not intend to equate "property of the estate" with "property in which the estate has an interest." Congress could have used the phrase "property of the estate" in § 506(a) and F.R.Bankr.P. 3012 had it so intended. There is no reason to go beyond the plain language of the Code. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–42, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).[5]

This Court does not adopt the reasoning in *Barbier* because a different issue was addressed there. In *Barbier,* the court focused its discussion on whether the IRS's secured claim for purpose of plan treatment should include the value of property on which the IRS could not levy pursuant to federal tax laws. The levy issue was not presented here.

Having concluded that "property in which the estate has an interest" under § 506(a) may include a debtor's exempt property when valuing a secured claim for compliance with § 1325(a)(5), Debtors' present plan is not confirmable. Debtors will need to file a modified plan which recognizes that the value of the IRS's secured claim includes both estate and exempt property on which the IRS has a valid lien.

The issue of whether "property of the estate" as defined by § 541(a) is the same as "property in which the estate has an interest" as used in § 724(b) will have to wait for another day. Due to the different context in which the phrase is used in § 724(b) than in § 506(a), the Court will not make a prediction. *See Dewsnup,* 502 U.S. at 417 n. 3, 112 S.Ct. at 778 n. 3.

An Order will be entered denying confirmation of Debtor's plan dated September 13,

5. Although not relied upon herein, it is interesting to note that the definition of a secured creditor under the Bankruptcy Act may support the conclusion that the value of a secured claim under § 506(a) of the Code may include the value of exempt property. A "secured creditor" under the Bankruptcy Act was someone who had a secured interest in the "property of the bankrupt." Bankruptcy Act § 1(28) [11 U.S.C. § 1(28)] (1976). Under the Act, exempt property essentially never came into the estate. *See* Bankruptcy Act §§ 6 and 47(a)(6) [11 U.S.C. §§ 24 and 75] (1976).

1995 and setting a deadline for filing a modified plan.