**In re John TILLERY, Debtor.**

**John TILLERY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 95–70899.**
**Adv. No. 96–7115.**

United States Bankruptcy Court,
E.D. Oklahoma.

Dec. 31, 1996.

Jimmy Veith, Ardmore, OK, for Plaintiff.

Lawrence K. Williams, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

### ORDER

TOM R. CORNISH, Bankruptcy Judge.

On this 30th day of December, 1996, the Motions for Summary Judgment filed by both the Plaintiff and Defendant came on for consideration.

After a review of the above-referenced pleadings, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

### FINDINGS OF FACT

1. The Plaintiff filed Chapter 7 bankruptcy on July 10, 1995 and received an Order of Discharge on October 30, 1995. The Order of Discharge extinguished the Plaintiff's personal liability for his 1981, 1984, 1986 and 1989 federal income taxes, interest and penalties.

2. The Plaintiff did not list his property interest in the Civil Service Retirement and Disability Fund on Schedule B as personal property. He listed in Schedule I that he received $1,768.00 per month in "retirement."

3. On the date of filing the petition, the Plaintiff was receiving disability retirement annuity payments drawn from the Civil Service Retirement and Disability Fund. The Plaintiff first started receiving his disability payments on August 22, 1976, after serving the United States Government for 21 years and 11 months. During his 21 years with the government, the Plaintiff made contributions to the Civil Service Retirement and Disability Fund.

4. The Internal Revenue Service levied upon the Plaintiff's disability retirement and annuity payments on May 30, 1996. The IRS has collected $1,266.58. The Office of Personnel Management has sent to the IRS $2,533.16 pursuant to the levy; however, the IRS has refunded $1,266.58 to the Plaintiff. The IRS has released its levy pursuant to the Court's granting of the Temporary Restraining Order on October 24, 1996.

5. The enforcement of the IRS levy was made pursuant to a federal tax lien arising from the Plaintiff's income tax liabilities. The federal tax lien arose from the Plaintiff's 1989 tax liability, notice of which was filed May 21, 1991. This was the only properly filed Notice of Federal Tax Lien for the Plaintiff's personal property. The 1989 federal tax liability, plus statutory additions, equals $1,599.29.

6. The Plaintiff is seeking to enjoin continuation of the levy because it is violative of the Order of Discharge. The Plaintiff seeks an Order releasing his civil service disability retirement annuity payments from the Federal Tax Lien and the return of $1,266.58. The United States seeks an Order of this Court finding that the federal tax lien for Plaintiff's 1989 federal income tax attaches to the civil service disability retirement annuity payments and awarding it $332.71.

### CONCLUSIONS OF LAW

The issue before this Court is whether the tax lien arising from the Plaintiff's 1989 tax liability attaches to the Plaintiff's disability retirement annuity payments. Title 26, § 6321 of the Internal Revenue Code creates a federal tax lien, in the amount of the unpaid tax, on all property or rights to property, whether real or personal, belonging to the taxpayer. This broad language "reveals on its face that Congress meant to reach every interest in property a taxpayer might have." United States v. National Bank of Commerce, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985). The lien imposed by § 6321 arises when an assessment is made and continues until either the taxpayer's liability is satisfied or the statute of limitations on collection expires. 26 U.S.C. § 6322. The lien attaches to the taxpayer's property and rights to property as of the moment of assessment and once filed, attaches to any after-acquired property. In re Lyons, 148 B.R. 88 (Bankr.D.D.C.1992). The Court in In re Wesche, 193 B.R. 76 (Bankr.M.D.Fla.1996), was faced with the issue of whether IRS tax liens attach to the debtor's post-petition civil service retirement

payments totaling $2,156.00 per month. The Court noted that it is "firmly established in case law that a 'federal tax lien attaches to a then existing right to receive property in the future.'" *Wessel v. United States of America (In re Wessel),* 161 B.R. 155 (Bankr. D.S.C.1993)). The Court in *Wesche* found that the federal tax liens attached to the debtor's right to receive his pension payments prior to the filing of his bankruptcy petition and therefore, the liens continued to attach to his right to receive the pension payments. *Id.* at 78. The cases cited by the Debtor are not applicable since they deal with the issue of whether tax liens attach to property acquired after bankruptcy.

In the instant case, the Debtor is receiving civil service annuity payments. He was receiving the payments at the time he filed bankruptcy. At the time of filing of the petition, he had a right to receive the pension payments and this right to receive payment is a property right. As a result, the tax lien attached to the Debtor's pension payments prior to filing bankruptcy and thus, continues to attach to his post-petition payments.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment filed by the Defendant is **granted.** The IRS is entitled to retain the $1,266.58 and is entitled to an additional $332.71.