**In re James E. McIVER, Jr., Debtor.**

**Internal Revenue Service, United States of America, Appellant,**

**v.**

**James E. McIver, Jr., Appellee.**

**No. DKC 99–2787.**

United States District Court,
D. Maryland.

Aug. 7, 2000.

Lynne A. Battaglia, U.S. Attorney, Baltimore, MD, Gerald Alan Role, U.S. Department of Justice G/A, Washington, DC, for USA, Internal Revenue Service, appellants.

Ronald L. Schwartz, Law Office, College Park, MD, for James E. McIver, Jr., appellee.

Thomas L. Lackey, Bowie, MD, trustee, Pro se.

### *MEMORANDUM OPINION*

CHASANOW, District Judge.

This is an appeal from an Order of the bankruptcy court sustaining Debtor's objection to proof of claim. Debtor successfully argued below that, pursuant to 11 U.S.C. § 541(c)(2), his rights in several TIAA/CREF annuities, which were subject to federal tax liens, were excluded from the property of the bankruptcy estate and thus could not be considered in determining the value of the IRS's secured claim under 11 U.S.C. § 506(a). For the reasons that follow, the court shall REVERSE the Order of the bankruptcy court.[1]

### I. *Background*

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 10, 1998. On December 11, 1998, the Internal Revenue Service filed a proof of claim in the amount of $119,741.33, asserting that it held a secured claim in the amount of $87,575.15 for unpaid federal individual income taxes for 1986, 1987 and 1988, plus penalties and interest thereon.[2] In its proof of claim, the IRS asserted it was secured as to Debtor's automobile, real estate and all of Debtor's right, title and interest to property pursuant to 26 U.S.C. § 6321.

At the time of filing his bankruptcy petition, Debtor had a beneficial interest in six pension annuity contracts administered by Teachers Insurance and Annuity Association/College Retirement Equities Fund

---

1. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Bankr.Rule 8012.

2. The remaining elements of the claim, which are not relevant to this appeal, included: 1) a priority claim of $1521.60 for Debtor's unpaid federal individual income taxes for 1996 and interest thereon; and 2) a general unsecured claim of $30,644.58 for Debtor's unpaid federal individual income taxes for 1991 and 1992 plus penalties and interest thereon, and for penalties on the priority claim.

(TIAA/CREF), from which he was receiving $ 2273.00 in monthly income. Debtor scheduled the retirement income from these annuities on his Schedule I and listed them on his Bankruptcy Schedule B, but did not value the annuities, claiming they did not constitute property of the estate. Other than the pension interests, the value of Debtor's equity in property subject to the tax liens was $32,539.00.

On January 21, 1999, Debtor filed an objection to the proof claim. He challenged the secured portion of the claim, arguing that the secured claim was limited to the non-pension property worth $32,539.00. In its response, the IRS argued that its secured claim would also include the annuity payments Debtor was receiving from TIAA/CREF. The bankruptcy court sustained Debtor's objection, holding that although the tax liens attached to the annuity payments, the annuities were not property of the estate. The bankruptcy court held that the IRS did not have a secured claim under 11 U.S.C. § 506(a) as to the annuity payments because it did not have a lien on property in which the bankruptcy estate had an interest. The bankruptcy court concluded that the disputed portion of the secured claim must be treated as a general unsecured claim, and that the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a)(6), prohibited the IRS from attempting to collect on Debtor's retirement funds. This appeal followed.

## II. *Analysis*

 In order for the IRS's claim against Debtor's annuity income to be considered a secured claim under § 506(a) of the Bankruptcy Code, the claim must be "secured by a lien on property in which the estate has an interest." There is no dispute that the IRS's tax lien attaches to Debtor's right to receive payments under the TIAA/CREF annuities. *See* 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a

lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."); *United States v. National Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) (the language of § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have"); *In re Wesche*, 193 B.R. 76, 77–78 (Bankr.M.D.Fla.1996) (holding that federal tax lien attached to debtor's right to receive pension plan benefits). The only issue presented by this appeal is whether Debtor's rights in the TIAA/CREF annuities are property of the bankruptcy estate. This issue presents a question of law, which is reviewed *de novo*. *See Cooper v. Productive Transp. Servs., Inc. (In re Bulldog Trucking, Inc.)*, 147 F.3d 347, 351 (4th Cir.1998).

The Bankruptcy Code provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As a general rule, restrictions on the transfer of debtor's property contained in an agreement, transfer instrument or applicable nonbankruptcy law will be inoperative to prevent inclusion of the property in the estate. 11 U.S.C. § 541(c)(1). The one express exception to this rule is found in § 541(c)(2), which provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." Therefore, an interest in a trust subject to enforceable transfer restrictions does not become property of the estate.

In *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court resolved a split among the circuits concerning the meaning of "applicable nonbankruptcy law," holding the provision "encompasses any relevant nonbankruptcy law, including federal law such as ERISA." *Id.* at 759, 112 S.Ct. 2242. Prior to *Patterson*, many courts construed the phrase "applicable nonbankruptcy law" to include only state spendthrift trust law,

and held that § 541(c)(2) exempted from the estate "only those 'spendthrift trusts' traditionally beyond the reach of creditors under state law." *See Goff v. Taylor (In re Goff)*, 706 F.2d 574, 582 (5th Cir.1983). The *Patterson* court, however, held that an ERISA-qualified pension plan containing the requisite anti-alienation provision could be excluded from the bankruptcy estate pursuant to § 541(c)(2). *Patterson*, 504 U.S. at 759–60, 112 S.Ct. 2242.

■ Here, as the bankruptcy court noted, it is unclear whether the annuities were created under the provisions of ERISA. The parties appear to agree, however, that Debtor's TIAA/CREF annuities qualify as spendthrift trusts under New York law that many courts have excluded from the bankruptcy estate under § 541(c)(2). *See, e.g., Morter v. Farm Credit Servs.*, 937 F.2d 354, 357–59 (7th Cir.1991); *In re Fink*, 153 B.R. 883, 885–86 (Bankr.D.Neb.1993); *In re Montgomery*, 104 B.R. 112, 115–18 (Bankr.N.D.Iowa 1989). The IRS argues, however, that the analysis cannot end here, as it did for the bankruptcy court. The IRS contends that the restrictions on transfer contained in the TIAA/CREF annuity contracts, which are enforceable against ordinary creditors, are ineffective against federal tax liens created by 26 U.S.C. § 6321. Therefore, the transfer restrictions are not "enforceable under applicable nonbankruptcy law"—federal tax lien law—with respect to the IRS, and Debtor's rights in the annuities cannot be excluded from the estate under § 541(c)(2).

The IRS relies on *In re Lyons*, 148 B.R. 88 (Bankr.D.D.C.1992), in support of its argument. In *Lyons*, the IRS asserted secured claims against a chapter 13 debtor for unpaid income taxes, penalties and interest based on filed notices of tax liens. At the time of filing his bankruptcy petition, the debtor was receiving payments under four TIAA/CREF annuity contracts. Debtor argued that his annuity contracts were not property of the estate and could not be security for the IRS tax lien. The IRS argued, as it does here, that because

it had filed notices of federal tax liens against the debtor, it had a secured claim with respect to the amount of the income stream from his pension annuity payments. The court interpreted the IRS's argument to be that "the IRS has a secured claim on [debtor's] retirement fund to the extent of the 'present value' of the debtor's future TIAA/CREF retirement benefits." *Id.* at 90–91.

The court held that debtor's annuity rights were property of the estate. Relying on *Patterson*, the court found that federal tax lien law is "applicable nonbankruptcy law" under § 541(c)(2). *Id.* at 93. From this proposition the court reasoned as follows:

> Outside bankruptcy, a federal tax lien may attach to a taxpayer's vested right, under a trust or contract, to receive periodic payments or distributions of property then due or that will become due in the future. The courts of New York have long recognized that spendthrift trusts, although effective against ordinary creditors, are ineffective against Federal tax liens. The debtors point to no provision of Federal law that would exempt the debtor's pension rights from the Federal tax lien. Thus, the pension plans' provisions are not, within the language of § 541(c)(2), "enforceable under applicable nonbankruptcy law" with respect to the IRS. Under § 541(c)(1) the debtor's pension rights thus remain property of the estate and under § 506(a) the IRS has an allowed claim against the pension rights to the extent of their value. As in *[In re] Robinson*, 39 B.R. 47, 49 [(Bankr.E.D. Va.1984)], that value is fixed at the present value of the future stream of payments to be received.

*Id.* at 94 (citations omitted). In other words, a debtor's beneficial interest in a trust is property of the estate to the extent that, under federal tax lien law, the IRS could reach the interest outside of bankruptcy, even if the interest would be excluded from the bankruptcy estate under § 541(c)(2) with respect to other creditors due to valid spendthrift provisions.

In *Jones v. Internal Revenue Service (In re Jones)*, 206 B.R. 614 (Bankr.D.D.C. 1997), Judge Teel, who wrote the *Lyons* opinion, revisited the issue in a case involving a tax lien on a debtor's Thrift Savings Plan account and held that the federal tax lien required the debtor's plan to provide secured status to the IRS claims:

> [A]s this court has held on slightly different facts, the TSP account would in effect have a split personality by remaining property of the estate for purposes of federal tax claims even though it is not property of the estate for purposes of other creditors' claims. Because the TSP account would be estate property only as to the IRS, any plan provision for the IRS's claim must take account of its secured status.

*Id.* at 621 (citations omitted). Similarly, in *In re Perkins*, 134 B.R. 408 (Bankr. E.D.Cal.1991), the debtor argued that his pension rights, which were subject to a federal tax lien, should not be included in the statutory formula for determining the IRS's secured status under § 506 because the pension qualified as a spendthrift trust excluded from the property of the estate under § 541(c)(2). The court, however, found that because the spendthrift provision was not effective to shield attachment and levy of a federal tax lien, "applicable nonbankruptcy law (being the law applied for attachment and levy of federal tax liens) does not 'restrict the transfer of a beneficial interest of the debtor in trust' and the [debtor's] technical 'property of the estate' argument loses its foundational premise."[3] *Id.* at 411; *see also In re Carlson*, 180 B.R. 593, 594 (Bankr.E.D.Cal. 1995); *In re Hartso*, 1998 WL 419578, at *1 (Bankr.D.Md. Apr. 15, 1998) (Keir, J.); *but see In re Street*, 165 B.R. 408, 409–10 (Bankr.D.Md.1994) (Mannes, C.J.) (finding that debtor's rights in retirement plans subject to federal tax liens were not property of the estate).

---

**3.** The *Perkins* court went on to hold that even assuming debtor's pension rights were not "property of the estate" under § 541, they did constitute property in which the estate had an

This court finds the reasoning of *Lyons* persuasive, and holds that Debtor's rights under the TIAA/CREF annuities are property of the estate with respect to the IRS. The IRS, therefore, shall have a secured claim under § 506(a) against Debtor's annuity rights to the extent of their value. The value of the annuity rights shall be fixed at the present value of the future stream of payments to be received by Debtor under the annuities. *See In re Wesche*, 193 B.R. 76, 78–79 (Bankr. M.D.Fla.1996) and cases cited therein.

### III. *Conclusion*

For the foregoing reasons, the court shall REVERSE the Order of the bankruptcy court and REMAND the case for further proceedings consistent with this opinion.

A separate Order will be entered.

---

interest under § 506, which was sufficient to permit secured status for the IRS. *Id.* at 411–12.